MATTHEW W. CLOSE (S.B. #188570)
DANIELLE N. OAKLEY (S.B. #246295)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California  90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendant
Bank of America, N.A.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE FARRELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | Case No. 3:16-cv-00492-L-WVG<br><br>**BANK OF AMERICA, N.A.'S ANSWER TO COMPLAINT**<br><br>Judge: Hon. M. James Lorenz<br>Courtroom: 5B |

Defendant Bank of America, N.A. ("Defendant"), for itself only and not for any other named or unnamed party, answers the Complaint ("Complaint") as follows:

All allegations contained in headings, or otherwise outside the numbered paragraphs, do not require a response and are denied to the extent they require response.

1. Paragraph 1 states a summary of the Complaint to which no response is required. To the extent it is interpreted otherwise, Defendant denies each and every allegation in paragraph 1, including that Plaintiff is entitled to any relief, except Defendant admits that Plaintiff styles this action as a proposed class action and the Complaint provides as it provides. Defendant specifically denies that this action is maintainable as a class action.

2. Defendant denies each and every allegation in paragraph 2, except Defendant admits that, as disclosed in and permitted by the applicable Deposit Agreement and Disclosures, as amended from time to time, an Extended Overdrawn Balance Charge is assessed in certain instances when an "account has been overdrawn for 5 or more consecutive business days." Defendant admits Bank of America's Deposit Agreement and Disclosures and Personal Schedule of Fees, as amended from time to time, set forth the terms under which certain fees, including Extended Overdrawn Balance Charges, may be assessed.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and basing its denial on this ground, Defendant denies each and every allegation in paragraph 3, except Defendant admits that Plaintiff Joanne Farrell maintained a checking account with Defendant in 2015.

4. Defendant denies each and every allegation in paragraph 4, except Defendant admits that it is a national bank that is located in Charlotte, North Carolina, and is engaged in providing retail banking services, including checking

1  and debit services, to customers in the United States, including in the State of
2  California.
3      5.    Defendant admits that this Court has subject matter jurisdiction over
4  this action pursuant to 28 U.S.C. § 1331 and that plaintiff seeks to bring claims
5  under the National Bank Act, 12 U.S.C. § 1, *et seq*.
6      6.    Defendant denies each and every allegation in paragraph 6, except
7  Defendant admits that (a) it is engaged in providing retail banking services to
8  customers in the United States, including in the State of California and this judicial
9  district, and (b) this Court has subject matter jurisdiction.
10     7.    Defendant denies each and every allegation in paragraph 7, except
11 Defendant admits that it is engaged in providing retail banking services to
12 customers in the United States, including in the State of California and this judicial
13 district.
14     8.    Defendant denies each and every allegation in paragraph 8, except
15 Defendant admits that, as disclosed in and permitted by the applicable Deposit
16 Agreement and Disclosures, as amended from time to time, an Extended
17 Overdrawn Balance Charge is assessed in certain instances when an "account has
18 been overdrawn for 5 or more consecutive business days." Defendant admits Bank
19 of America's Deposit Agreement and Disclosures and Personal Schedule of Fees,
20 as amended from time to time, set forth the terms under which certain fees and
21 charges, including Extended Overdrawn Balance Charges, may be assessed.
22     9.    Defendant denies each and every allegation in paragraph 9.
23     10.    Defendant denies each and every allegation in paragraph 10 except
24 Defendant admits that reports from the Consumer Financial Protection Bureau
25 provide as they provide.
26     11.    Defendant denies each and every allegation in paragraph 11, except
27 Defendant admits that reports from the Consumer Financial Protection Bureau
28 provide as they provide.

12. Defendant denies each and every allegation in paragraph 12, except that, as disclosed in and permitted by the applicable Deposit Agreement and Disclosures, as amended from time to time, an Extended Overdrawn Balance Charge is assessed in certain instances when an "account has been overdrawn for 5 or more consecutive business days." Defendant admits Bank of America's Deposit Agreement and Disclosures and Personal Schedule of Fees, as amended from time to time, set forth the terms under which certain fees and charges, including Extended Overdrawn Balance Charges, may be assessed.

13. Defendant denies each and every allegation in paragraph 13, except Defendant admits that the Deposit Agreement and Disclosures, as amended from time to time, provides as it provides.

14. Defendant denies each and every allegation in paragraph 14, except Defendant admits that Plaintiff's account went into overdraft status on October 13, 2015, and was assessed an Extended Overdrawn Balance Charge of $35.00, which was posted to her account on October 20, 2015.

15. Defendant denies each and every allegation in paragraph 15.

16. Defendant denies each and every allegation in paragraph 16, except Defendant admits that Plaintiff seeks to bring her claim on behalf of a putative class. Defendant specifically denies that this action is maintainable as a class action, either on behalf of the putative class as pled by Plaintiff or otherwise.

17. Defendant denies each and every allegation in paragraph 17, except Defendant admits that Plaintiff seeks to bring her claim on behalf of a putative class. Defendant specifically denies that this action is maintainable as a class action, either on behalf of the putative class as pled by Plaintiff or otherwise.

18. Paragraph 18 states a legal conclusion and therefore requires no response. To the extent it is interpreted otherwise, Defendant denies each and every allegation in paragraph 18.

19. Defendant denies each and every allegation in paragraph 19.

1   20.  Defendant denies each and every allegation in paragraph 20.
2   21.  Defendant denies each and every allegation in paragraph 21.
3   22.  Defendant denies each and every allegation in paragraph 22.
4   23.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23.  Basing its denial on this ground, Defendant denies each and every allegation in paragraph 23.  Defendant specifically denies that (a) this action is maintainable as a class action, either on behalf of the putative class as pled by Plaintiff or otherwise, (b) Plaintiff has suffered damages, and (c) Defendant engaged in a usurious business practice.
10   24.  Defendant denies each and every allegation in paragraph 24.
11   25.  Defendant denies each and every allegation in paragraph 25.
12   26.  Paragraph 26 states a legal conclusion and therefore requires no response.  To the extent it is interpreted otherwise, Defendant denies each and every allegation in paragraph 26.
15   27.  Paragraph 27 summarizes and incorporates previous paragraphs and therefore requires no response.  To the extent it is interpreted otherwise, Defendant incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.
18   28.  Defendant denies each and every allegation in paragraph 28.
19   29.  Paragraph 29 states a legal conclusion and therefore requires no response.  To the extent it is interpreted otherwise, Defendant denies each and every allegation in paragraph 29, except Defendant admits that 12 U.S.C. §§ 85 and 86 provide as they provide.
23   30.  Paragraph 30 states a legal conclusion and therefore requires no response.  To the extent it is interpreted otherwise, Defendant denies each and every allegation in paragraph 30, except Defendant admits that it is located in Charlotte, North Carolina.
27   31.  Defendant denies each and every allegation in paragraph 31, except Defendant admits that the Federal Reserve Bank of Richmond comprises states

1  including North Carolina.

2  32.  Defendant denies each and every allegation in paragraph 32, except
3  Defendant admits that the Joint Guidance on Overdraft Protection, 70 Fed. Reg.
4  9127 (Feb. 24, 2005), provides as it provides.

5  33.  Defendant denies each and every allegation in paragraph 33.

6  34.  Defendant denies each and every allegation in paragraph 34.

7  35.  Defendant denies each and every allegation in paragraph 35.

8  36.  Defendant denies each and every allegation in paragraph 36.

9  37.  Paragraph 37 does not contain any factual allegations to which a
10  response is required.  To the extent it is interpreted otherwise, Defendant denies
11  each and every allegation in paragraph 37.

12  38.  Defendant denies each and every allegation in paragraph 38.

13  39.  Defendant denies each and every allegation in paragraph 39.

14  40.  Defendant denies each and every allegation in paragraph 40, except
15  Defendant admits that 12 U.S.C. § 86 provides as it provides.

16  41.  Paragraph 41 does not contain any factual allegations to which a
17  response is required.  To the extent it is interpreted otherwise, Defendant denies
18  each and every allegation in paragraph 41.  Defendant specifically denies that
19  Plaintiff or the putative class are owed any amount as a result of any violation
20  asserted in the complaint.

21  42.  Defendant denies each and every allegation in Plaintiff's prayer for
22  relief.  Defendant specifically denies that Plaintiff is entitled to any relief
23  whatsoever.

24  **AFFIRMATIVE DEFENSES**

25  As separate and additional defenses to the Complaint and each purported
26  cause of action therein, and without suggesting or conceding that it has any
27  applicable procedural or evidentiary burdens with respect to such defenses,
28  Defendant alleges as follows below.  With respect to all claims and defenses,

liability cannot be established through generalized assertions or generalized findings. Plaintiff's claims must be adjudicated on a case-by-case, borrower-by-borrower basis.

### First Affirmative Defense

43. Plaintiff's Complaint and each and every cause of action alleged therein fails to state any claims against Defendant upon which relief can be granted. Defendant's alleged acts and omissions do not constitute violations of the National Bank Act.

### Second Affirmative Defense

44. This action is barred, in whole or in part, because Plaintiff lacks standing.

### Third Affirmative Defense

45. Plaintiff's claims are barred, in whole or in part, due to lack of payment.

### Fourth Affirmative Defense

46. Plaintiff's claims are barred, in whole or in part, because Defendant's alleged acts and omissions were not the actual or proximate cause of the damages alleged in the Complaint or any damages at all.

### Fifth Affirmative Defense

47. Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations and repose.

### Sixth Affirmative Defense

48. Plaintiff's claims are barred, in whole or in part, by the doctrine of unjust enrichment.

### Seventh Affirmative Defense

49. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Eighth Affirmative Defense

50. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### Ninth Affirmative Defense

51. Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification and consent.

### Tenth Affirmative Defense

52. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

### Eleventh Affirmative Defense

53. Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages or losses allegedly suffered.

### Twelfth Affirmative Defense

54. Each and every act or omission alleged in the Complaint was done or omitted in good faith and in conformity with all applicable federal statutes and all applicable rules and regulations promulgated thereunder.

### Thirteenth Affirmative Defense

55. Monetary relief due Plaintiff, if any, is reduced or eliminated altogether by an offset based on Plaintiff's breach of her obligation to maintain an account balance sufficient to fund charged transactions.

### Fourteenth Affirmative Defense

56. The claims and prayer for relief in the Complaint are barred, in whole or in part, by the Eighth and Fourteenth amendments to the United States Constitution as such would constitute excessive fines.

### Fifteenth Affirmative Defense

57. Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law, pursuant to statute, or during

discovery proceedings of this action, and hereby reserves the right to amend its Answer and assert such defenses.

**WHEREFORE**, Defendant prays for judgment as follows:

1. That this Court enter judgment in favor of Defendant and against Plaintiff on the Complaint; that the Complaint be dismissed with prejudice; and that Plaintiff take nothing by its Complaint;

2. That Defendant be awarded its costs of suit in this action; and

3. That the Court grant such other and further relief as it may deem just or proper.

Dated:  January 3, 2017

Respectfully submitted,

O'MELVENY & MYERS LLP

By:  s/ Matthew W. Close
     Matthew W. Close

Attorneys for Defendant
Bank of America, N.A.
E-mail: mclose@omm.com