UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE FARRELL,<br><br>                        Plaintiff,<br>v.<br><br>BANK OF AMERICA, N.A.,<br>                        Defendant. | Case No.: 3:16-cv-00492-L-WVG<br><br>**ORDER GRANTING DEFENDANT'S MOTION [Doc. 29] FOR CERTIFICATION OF INTERLOCUTORY APPEAL AND STAY** |

    Pending before the Court is Defendant Bank of America's ("BoA") motion for certification of interlocutory appeal and stay. The Court decides the matter on the papers submitted and without oral argument. See Civ. L. R. 7.1(d)(1). For the reasons stated below, the Court **GRANTS** BoA's motion.

//
//
//
//
//
//
//
//

1

## I. BACKGROUND

This case is a putative class action focused on BoA's practice of levying $35 fees ("Extended Charges") against deposit account holders for failing to rectify an overdrawn deposit account within five days. To open a deposit account with BoA, a customer must first execute a Deposit Agreement [Doc. 8-3]. Under the terms of the Deposit Agreement BoA charges a $35 fee (the "Initial Charge") anytime a deposit account holder writes a check against insufficient funds. When a deposit account holder thus overdrafts his or her account, the BoA has discretion as to whether to honor the overdrawn check by advancing funds to the payee sufficient to cover the note. However BoA levies the Initial Charge whether it advances the fees or not. In the event BoA does advance the funds, the deposit account holder is obligated under the Deposit Agreement to pay back BoA's advance and any fees incurred. Failure to do so within five days triggers an Extended Charge.

Plaintiff wrote some checks against insufficient funds. BoA honored the checks but charged her $35 Initial Charges for not having sufficient funds. When Plaintiff failed to remedy her negative account balance within five days, BoA levied an Extended Charge. Because the Extended Charges, as a percentage of her negative account balance, exceeded the interest rate permitted by the National Banking Act, Plaintiff filed this putative class action against BoA, alleging violation of 12 U.S.C. §§ 85, 86 (the "NBA"). (See Compl.) BoA moved to dismiss Plaintiff's Complaint, arguing that the Extended Charges were not "interest" and therefore cannot trigger the NBA. (See MTD [Doc. 8].) The Court disagreed and therefore denied BoA's motion. (See MTD Order [Doc. 20].) BoA now moves for permissive certification of interlocutory appeal pursuant to 28 U.S.C. § 1292 and a stay pending the outcome of appeal. Plaintiff opposes. (See Opp'n [Doc. 47].)

//
//
//

## II. DISCUSSION

As a general matter, a party may only appeal final decisions that dispose of a case before the district court. 28 U.S.C. § 1291. However, 28 U.S.C. § 1292(b) provides a narrow exception to this final judgment rule. Under § 1292(b), a district court may permit a party to petition the circuit court for review of an interlocutory decision concerning (1) a controlling question of law about which (2) there is substantial grounds for a difference in opinion and (3) resolution of which may materially advance the termination of the litigation. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (*citing* 28 U.S.C. § 1292(b)).

The relevant question of law here is whether the Extended Charges constitute interest rather than 12 C.F.R. § 7.4002 authorized deposit account service charges. If the Extended Charges are interest, Plaintiff's claims survive. On the other hand, if the Extended Charges are instead 12 C.F.R. § 7.4002 authorized deposit account service charges, Plaintiff's claims must be dismissed with prejudice. Thus, there can be no question that this is a controlling question of law and that its resolution may materially advance the termination of the litigation.[1]

There are also reasonable grounds for a difference of opinion on this issue. As the Court noted in its order denying BoA's motion to dismiss, there is no binding authority that addresses this specific issue. However, at least three district court cases have considered it. All three reached the conclusion that Extended Charges do not constitute interest under § 85. *Mcgee v. Bank of America, N.A.*, 2015 WL 4594582 (S.D. Fla 2015); *Shaw v. BOKF, Nat. Ass'n*, 2015 WL 6142903 (N.D. Okla. 2015); *In re TD Bank, N.A.*, 150 F. Supp. 3d 593 (D.S.C. 2015). Though this Court disagrees with those decisions

---

[1] Plaintiff also argues that further discovery is necessary before certification of interlocutory appeal. The Court disagrees. The fundamental question is whether a bank's coverage of an overdraft constitutes "an extension of credit." No further factual development is necessary to decide this issue. Indeed this Court and all three other federal district court decisions to decide this issue did so on a motion to dismiss. *See Mcgee v. Bank of America, N.A.*, 2015 WL 4594582 (S.D. Fla 2015); *Shaw v. BOKF, Nat. Ass'n*, 2015 WL 6142903 (N.D. Okla. 2015); *In re TD Bank, N.A.*, 150 F. Supp. 3d 593 (D.S.C. 2015).

and explained why in its previous order denying BoA's motion to dismiss, the fact that all other decisions considering this issue reached a different conclusion strongly suggests that "reasonable jurists might disagree on [this] issue's resolution." *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Accordingly, the Court **GRANTS** BoA's motion to certify a permissive interlocutory appeal under 28 U.S.C. § 1292(b).

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** BoA's Motion to certify a permissive interlocutory appeal under 28 U.S.C. § 1292(b). In the interests of judicial efficiency, it is further ordered that this litigation is stayed until the Ninth Circuit decides either (1) not to hear this certified interlocutory appeal or (2) reaches a decision on the merits as to whether the Extended Charges constitute "interest" under the NBA. The parties shall notify the Court of the occurrence of either of the above events and, in the interim, provide joint status reports once every six months from the entry of this order.

**IT IS SO ORDERED**.

Dated: April 11, 2017

Hon. M. James Lorenz
United States District Judge