# EXHIBIT 2

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE FARRELL, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA, N.A.,<br><br>Defendant. | CASE NO. 3:16-cv-00492-L-WVG<br><br>**JOINT DECLARATION OF CLASS COUNSEL** |

Jeffrey D. Kaliel, Jeff Ostrow, Bryan Gowdy, and Cristina M. Pierson hereby declare as follows:

1.     We are Class Counsel under the Settlement with BANA being presented to the court for Preliminary Approval. We submit this declaration in support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class ("Motion").[1] We have personal knowledge of the facts set forth in this declaration, and could testify competently as to them if called upon to do so.

---

[1] The definitions and capitalized terms in the Settlement Agreement ("Agreement") and Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary  Approval of Class Settlement and for Certification of Settlement Class are hereby incorporated as

**Background and Procedural History**

2.     This Action seeking relief under National Bank Act usury provisions has been litigated for nearly two years. Class Counsel have been involved in other litigation against major U.S. banks for almost a decade.

3.     The litigation has been hard-fought. The Parties have engaged in motion practice, briefing pertaining to whether the Ninth Circuit would grant the Bank interlocutory appeal of the Order denying the Motion to Dismiss, extensive mediation briefing, informal discovery, and confirmatory discovery.

4.     Class Counsel is particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases.  In negotiating this Settlement, Class Counsel had the benefit of years of experience litigating against national banks, including with cases involving initial overdraft fees, including a previous case against BANA involving a different BANA overdraft fee policy.

5.     Before filing suit, Class Counsel spent many hours investigating the usury claims of several potential plaintiffs against the Bank.  Class Counsel interviewed a number of customers and potential plaintiffs to gather information about the Bank's conduct and its impact upon consumers.  This information was essential to Class Counsel's ability to understand the nature of the Bank's conduct, the language of the account agreements at issue, and potential remedies.  In addition, Class Counsel also expended significant resources researching and developing the legal claims at issue.

6.     Class Counsel conducted a thorough investigation and analysis of Plaintiffs' claims and engaged in extensive briefing on the fundamental legal issue of whether the EOBC is a usurious charge, informal discovery, data analysis with the assistance of Plaintiffs' expert, and confirmatory discovery with the Bank.  Class Counsel's review

though fully set forth in this Declaration, and shall have the same meanings attributed to them in those documents.

enabled it to gain an understanding of the law and evidence related to central questions in the case, and prepared it for well-informed settlement negotiations. Class Counsel was also well-positioned to evaluate the strengths and weaknesses of Plaintiffs' claims, and the appropriate basis upon which to settle them, as a result of their litigating similar claims in courts across the country.

7. Class Counsel led the investigation that resulted in this Action. Indeed, Class Counsel persisted to pursue the usury claim even after three other district courts had rejected it in other cases. So not only were the claims in this litigation untested and novel, but it took Class Counsel a substantial amount of pre-filing work to research and develop the legal arguments and claims to support the finding that EOBCs were interest. Class Counsel called on their unique expertise in consumer banking practices and litigation related thereto. Once the Action was on file, Class Counsel then persisted in overcoming the Bank's vigorous protestations that the case was wrong-headed; and persisted in driving the hard bargain that resulted in this Settlement. Not one other firm or governmental entity brought or prosecuted these claims. In short, without Class Counsel's persistence, hard work, and investment of resources, BANA's alleged misconduct would have gone without recompense.

**The Settlement**

8. Plaintiffs settled the Action with the benefit of important informal discovery resulting in an expert analysis of key documentation and data regarding the Bank's assessment and collection of EOBCs. The review of this information and data positioned Class Counsel to evaluate with confidence the strengths and weaknesses of Plaintiffs' claims and prospects for success at class certification, summary judgment, and trial. As noted above, confirmatory discovery done after the Parties executed the term sheet agreeing to the material terms of settlement further aided Plaintiffs' analysis.

9. The Settlement in this case is the result of intensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this Action. The Parties engaged in a full day formal mediation

before an experienced and respected mediator, Honorable Layn Phillips (Ret.)—and only after receiving data from the Bank to adequately estimate potential damages in the Action. Although the Parties did not settle that day, much progress was made laying the foundation to the eventual resolution of this Action. The Parties continued their settlement discussion for many weeks with the assistance of Judge Phillips.

10.    The parties negotiated and executed a term sheet confirming the material terms of settlement on October 19, 2017.

11.    After the Parties executed the term sheet, Class Counsel performed confirmatory discovery at the Bank's headquarters in Charlotte, North Carolina.

12.    The Parties then turned to drafting a settlement agreement. On October 31, 2017, the Parties signed the Agreement.

**Terms of the Settlement**

13.    Under the terms of the Agreement, the Bank has agreed to stop assessing the EOBC on consumer checking accounts. For a period of five years, from December 31, 2017, though December 31, 2022, the Bank will not implement and/or assess EOBCs, or an equivalent fee, in connection with accounts.

14.    The Bank has agreed to make $29.1 million dollars in Debt Reduction Payments for money it claims is owed for outstanding EOBCs assessed against Settlement Class members ("Settlement Class Members") whose accounts have been closed. Settlement Class Members who incurred an EOBC after February 14, 2014, and had their accounts closed by the Bank and still had an uncollected EOBC outstanding, will have their outstanding balance reduced by an amount of up to $35. If the account balance is less than $35, the Bank will adjust the account to reflect a $0.00 account balance. Further, to the extent BANA has reported the accounts to any credit bureaus, BANA will update the reporting.

15.    In addition to the $29.1 million of Debt Reduction Payments, the total Settlement Amount of $66.6 million includes a $37.5 million cash Settlement Fund. The

Settlement provides for automatic delivery, without a claims process, to Settlement Class Members of the Settlement benefits.

16.     Administrative Costs shall be paid separately by the Bank, except for any hourly services requested of the Administrator.   The Parties currently estimate the Administrative Costs to be paid by the Bank at approximately $2 million.

17.     Class Counsel may request attorneys' fees of up to 25% of the Settlement Value, as well as reimbursement of litigation costs and expenses incurred in connection with the Action.  The Parties negotiated and reached agreement regarding attorneys' fees and costs only after agreeing on all material terms of the Settlement.

18.     The benefits of settlement in this case outweigh the risks and uncertainties of continued litigation, as well as the attendant time and expenses associated with contested class certification proceedings and possible interlocutory appellate review, completing merits discovery, pretrial motion practice, trial, final appellate review.

**Risks of Continued Litigation**

19.     Plaintiffs faced the risk of losing during the pending appeal of the Order denying the Motion to Dismiss, at summary judgment, at trial, or on a subsequent appeal based on various theories and defenses advanced by the Bank.

20.     Each of these risks, by itself, could have impeded the successful prosecution of these claims at trial and in an eventual appeal—resulting in zero benefit to the Settlement Class.  Under the circumstances, Plaintiffs and Class Counsel appropriately determined that the Settlement reached with the Bank outweighs the gamble of continued litigation.

21.     The traditional means for handling claims like those at issue here would tax the court system, require a massive expenditure of public and private resources, and— given the relatively small value of the claims of the individual members of the Settlement Class—could be impracticable.

22.     The Settlement provides immediate and substantial benefits to over 5 million Bank customers.  The proposed Settlement is the best vehicle for the Settlement Class to receive the relief to which they are entitled in a prompt and efficient manner.

23.     Whether the Action would have been tried as a class action is also relevant in assessing the fairness of the Settlement.  As the Court had not yet certified a class at the time the Agreement was executed, it is unclear whether certification would have been granted.  This litigation activity would have required the Parties to expend significant resources.

24.     Based on the Bank's data, Class Counsel estimates that the Settlement Class' most likely recoverable damages at trial would have been $756 million.  That figure is dwarfed by the $1.2 billion that the Settlement Class will save in EOBCs during the five year period during which BANA has agreed to cease charging the fee.  Even counting *only* the direct financial payments that will be made as a result of the Settlement—$66.6 million in payments and account credits to Settlement Class Members and another approximately $2 million in Administration Costs paid by the Bank—Plaintiffs and Settlement Class Members are recovering approximately 9% of their most probable damages, without further risks attendant to litigation.

## Class Treatment is Appropriate

25.     As stated previously, Class Counsel has significant experience litigating class claims, including numerous claims against national banks, through their active roles similar class actions throughout the country. *See also* Firm Resumes of Class Counsel, attached hereto as Exhibits 1-4. In litigating these cases, Class Counsel has been at the forefront of litigating NBA usury claims pertaining to continuous (a/k/a sustained) overdraft fees like the EOBC.

26.     Class Counsel possesses extensive knowledge of and experience in prosecuting class actions in courts throughout the United States, and have recovered hundreds of millions of dollars for the classes they represented.  In addition, Class Counsel includes firms with appellate expertise, which was used to extensively analyze the chances of success in both in the Ninth Circuit and the U.S. Supreme Court.  The experience, resources, and knowledge Class Counsel brings to this Action is extensive and formidable.

Class Counsel is qualified to represent the Settlement Class and will, along with the class representatives, vigorously protect the interests of the Settlement Class.

27.     The Administrator will oversee the Notice Program.  The Notice Program is designed to provide the best notice practicable, and is tailored to take advantage of the information the Bank has available about the Settlement Class.

28.     The Notice Program constitutes sufficient notice to all persons entitled to notice. The Notice Program satisfies all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and constitutional due process.

29.     The Notice will properly inform members of the Settlement Class of the substantive terms of the Settlement.  It will advise members of the Settlement Class of their options for opting-out of or objecting to the Settlement, and how to obtain additional information about the Settlement.  The Notice Program is designed to reach a high percentage of the Settlement Class and exceeds the requirements of constitutional due process.

30.     The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of nearly six million Bank customers, and joinder of all such persons is impracticable.

31.     Liability questions common to all members of the Settlement Class substantially outweigh any possible issues that are individual to each member of the Settlement Class. For example, each Settlement Class member's relationship with the Bank arises from an account agreement that is the same or substantially similar in all relevant respects to other Settlement Class members' account agreements and each was subjected to the same EOBC policy.

32.     Plaintiffs provided assistance that enabled Class Counsel to successfully prosecute the Action and reach the Settlement, including: (1) submitting to interviews with Class Counsel; (2) locating and forwarding responsive documents and information; and (3) participating in conferences with Class Counsel. In so doing, the Plaintiffs were integral to the case.

1     We declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed on October 31, 2017

4

5    _____
     JEFFREY KALIEL

6    **TYCKO & ZAVAREEI LLP**

7

8

9    _____
     JEFF OSTROW

10   **KOPELOWITZ OSTROW P.A.**

11

12   _____
     BRYAN GOWDY

13   **CREED & GOWDY, P.A.**

14

15   _____
     CRISTINA M. PIERSON

16   **KELLEY UUSTAL PC**

17

18

19

20

21

22

23

24

25

26

27

28

8

1    We declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed on October 31, 2017

4

5    _____

6    JEFFREY KALIEL
     **TYCKO & ZAVAREEI LLP**

7

8

9    _____
     JEFF OSTROW

10   **KOPELOWITZ OSTROW P.A.**

11

12   _____
     BRYAN GOWDY

13   **CREED & GOWDY, P.A.**

14

15   _____
     CRISTINA M. PIERSON

16   **KELLEY UUSTAL PC**

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT 1



# TYCKO & ZAVAREEI LLP

## HISTORY

Our firm was founded in 2002, when Jonathan Tycko and Hassan Zavareei left the large national firm at which they both worked to start a new kind of practice. Since then, a wide range of clients have trusted us with their most difficult problems. Those clients include individuals fighting for their rights, tenants' associations battling to preserve decent and affordable housing, consumers seeking redress for unfair business practices, whistleblowers exposing fraud and corruption, and non-profit entities and businesses facing difficult litigation.

Our practice is focused in a few select areas: consumer class action litigation, employment litigation, appellate litigation, whistleblower *qui tam* litigation, intellectual property litigation, First Amendment litigation, and business litigation.

## EXPERIENCE

Our firm's practice focuses on complex litigation. This includes representation of plaintiffs in class action litigation. Since the founding of our firm, we have been plaintiff's counsel in dozens of separate lawsuits brought as class actions. In addition to this work on class actions, our practice also involves representing businesses in unfair competition and antitrust litigation, representing employees in employment litigation, and representing whistleblowers in *qui tam* litigation brought under the False Claims Act and other similar whistleblower statutes..

## PRACTICE AREAS

CONSUMER CLASS ACTIONS

Our attorneys have a wealth of experience litigating consumer and other types of class actions. We primarily represent consumers who have been the victims of corporate wrongdoing. Our attorneys bring a unique perspective to such litigation because each of our partners trained at major national law firms where they obtained experience representing corporate defendants in such cases. This unique perspective enables us to anticipate and successfully counter the strategies commonly employed by corporate counsel defending class action litigation.

In addition, because class actions present such high-stakes litigation for corporate defendants, our ability to skillfully oppose motions to dismiss the case at an early stage of the litigation before the class has a chance to have a judge or jury consider the merits of its claims is critical to obtaining relief for our clients. Our attorneys have successfully obtained class certification, the most critical step in winning a class action, and obtained approval of class action settlements with common funds collectively amounting to over $250 million.

## EMPLOYMENT LITIGATION

Our attorneys have substantial experience representing employees and employers in employment disputes. In most of the employment litigation that we handle, however, we represent groups of plaintiffs who are challenging systemic unlawful employment practices.  For instance we successfully represented seven women in their claims of systemic discrimination and sexual harassment by Hooters restaurants in West Virginia, and we represented a group of women seeking class treatment of their allegations of sexual discrimination by Ruth's Chris.

## APPELLATE

Our attorneys have substantial experience in analyzing, briefing and arguing appeals. We have handled appeals in courts around the country, including the U.S. Supreme Court, the U.S. Circuit Courts, and the District of Columbia Court of Appeals.

## QUI TAM AND FALSE CLAIMS ACT

Our firm represents whistleblowers who courageously expose fraud by government contractors, healthcare providers, and other companies doing business with the government through litigation under the False Claims Act.  We also represent whistleblowers who expose tax fraud through the IRS Whistleblower Office program, whistleblowers who expose violations of the securities laws through the SEC Whistleblower Office program, and banking industry whistleblowers through the Department of Justice's FIRREA program.

## INTELLECTUAL PROPERTY

Our attorneys have substantial experience litigating cutting-edge intellectual property cases in state and federal courts. Proper handling of intellectual property controversies requires substantive knowledge of the relevant body of law, together with strong litigation experience and skill. We bring these elements together to effectively represent our clients in complex trademark and copyright lawsuits.

We have litigated copyright infringement cases on behalf of corporations and associations, including submitting an amicus brief on behalf of three technology companies in the United States Supreme Court on Internet file sharing in the *MGM, et al. v. Grokster, et al.* case. We have also counseled clients on copyright matters, and written and presented on important copyright issues, such as the intersection of technology, copyright and the First Amendment.   The firm briefed and argued an appeal to the Fifth Circuit Court of Appeals on a novel issue of law in a dispute over the competing trademark rights of two test preparation companies operating in the same markets, using the same trade name.

## FIRST AMENDMENT

Partner Hassan Zavareei represented the plaintiff in one of the most important cases of media defamation handled recently by the courts, namely, the case brought by Dr. Steven Hatfill

against Condé Nast Publications (the publisher of Vanity Fair magazine) and Reader's Digest for articles that falsely accused Dr. Hatfill of perpetrating the Anthrax murders that occurred in the fall of 2001.

Further, our firm has represented a number of employees who have fought back against former employers for defamatory statements. Our lawyers have obtained very substantial settlements on behalf of our clients. Also, our firm has represented businesses seeking to protect their hard-earned reputations against such defamation by their competitors.

Our attorneys also have experience in other types of First Amendment litigation. For example, partner Jonathan Tycko represented a consortium of media clients in a series of lawsuits to gain access to the sealed proceedings in the Independent Counsel investigation of and impeachment proceedings against President Bill Clinton. And partner Hassan Zavareei successfully challenged a district court injunction that violated our client's First Amendment guarantees to free speech and rights to petition the government.

BUSINESS DISPUTES

We represent businesses, large and small, in their most significant business disputes. Indeed, prior to the founding of Tycko & Zavareei LLP, our partners spent many years at a large law firm specialized in representing business interests. We have represented some of the largest, publicly-traded corporations in the world, but also have represented small and medium size businesses.

# JONATHAN K. TYCKO
## PARTNER

In 2002, Jonathan K. Tycko helped found Tycko & Zavareei LLP. Prior to that, Mr. Tycko was with Gibson, Dunn & Crutcher LLP, one of the nation's top law firms. He received his law degree in 1992 from Columbia University Law School, where he was a Stone Scholar, and earned a B.A. degree, with honors, in 1989 from The Johns Hopkins University.

After graduating from law school, Mr. Tycko served for two years as law clerk to Judge Alexander Harvey, II, of the United States District Court for the District of Maryland.

Mr. Tycko's practice has focused primarily on civil litigation. He has extensive trial and appellate experience in real estate, housing, employment, False Claims Act, environmental, consumer class action, media, and professional malpractice litigation. Mr. Tycko has represented a wide range of clients, including Fortune 500 companies, privately-held business, non-profit associations, and individuals.

In addition, Mr. Tycko has handled many pro bono cases in the area of human rights law, including representation of political refugees seeking asylum, and preparation of amicus briefs on behalf of the Lawyers Committee for Human Rights (now known as Human Rights First) and other organizations and individuals in various appellate matters, including matters before the Supreme Court.

For two years, from 2002 through 2004, Mr. Tycko taught as an Adjunct Professor at the George Washington University Law School.

He is admitted to practice before the courts of the District of Columbia, Maryland and New York, as well as before numerous federal courts, including the Supreme Court, the Circuit Courts for the D.C. Circuit, Third Circuit, Fourth Circuit, Ninth Circuit and Federal Circuit, the District Courts for the District of Columbia, the District of Maryland, the Northern and Southern Districts of New York, and the Court of Federal Claims.

# HASSAN A. ZAVAREEI
## PARTNER

Hassan Zavareei graduated *cum laude* from Duke University in 1990, with degrees in Comparative Area Studies and Russian. Upon graduation from Duke, Mr. Zavareei worked as a Russian-speaking flight attendant for Delta Air Lines for two years. He later earned his law degree from the University of California, Berkeley School of Law in 1995, where he graduated as a member of the Order of the Coif. After graduation from Berkeley, Mr. Zavareei joined the Washington, D.C. office of Gibson, Dunn & Crutcher LLP. In April of 2002, Mr. Zavareei founded Tycko & Zavareei LLP with his partner, Jonathan Tycko.

Mr. Zavareei has handled numerous trials in state and federal courts across the nation in a wide range of practice areas. In his most recent jury trial, Mr. Zavareei prevailed on behalf of his client after a four month trial in the Los Angeles Superior Court. That jury verdict came after years of hard-fought litigation, including an award of almost $2 million in sanctions against the opposing party due to revelations of discovery misconduct uncovered through electronic discovery.

Although he is a general litigator, Mr. Zavareei devotes most of his practice to class action litigation. While at Gibson Dunn, Mr. Zavareei managed the defense of a nationwide class action brought against a major insurance carrier. In recent years, Mr. Zavareei's class action practice has focused on the representation of plaintiffs in consumer fraud cases, primarily relating to the financial services industry. For instance, Mr. Zavareei was class counsel in over a dozen cases against banks across the country regarding their practices of charging unlawful overdraft fees for debit card transactions. Those cases haves returned hundreds of millions of dollars to consumers. Mr. Zavareei also served as Lead Counsel in Multi-District Litigation against a financial services company that provided debit cards to college students. That case also resulted in the return of millions of dollars to consumers. He is currently lead counsel or co-lead counsel in numerous class actions and putative class actions.

In his civil rights practice, Mr. Zavareei has represented individuals, groups of employees, and tenant associations in employment and fair housing litigation. Mr. Zavareei has obtained substantial judgments and settlements for his civil rights clients.

As a general litigator, Mr. Zavareei has been involved in numerous high profile cases. For example, Mr. Zavareei represented Christian Laettner *pro bono* in a successful battle with investors and rogue business partners to stabilize Mr. Laettner's historic development of downtown Durham, North Carolina. Mr. Zavareei also represented Dr. Steven Hatfill, who was wrongfully accused by the media and the FBI of perpetrating the Anthrax attacks of 2001. Mr. Zavareei successfully represented Dr. Hatfill in defamation litigation against *Vanity Fair* and *The Reader's Digest*.

Mr. Zavareei is an accomplished appellate lawyer, having argued cases before the D.C. Circuit, the Fifth Circuit, the Fourth Circuit, and the Ohio Court of Appeals.

Mr. Zavareei is admitted to the State Bar of California, the Bar of the District of Columbia and the Bar of the State of Maryland. Mr. Zavareei is admitted to practice before the federal district courts of the District of Columbia, Maryland, the Northern District of California, the Central District of California, the Southern District of California, and the Eastern District of Michigan. He is also admitted to the Supreme Court Bar and to the Circuit Courts of the District of Columbia, the Ninth Circuit, the Fourth Circuit and the Fifth Circuit.

Mr. Zavareei is married to Dr. Natalie Zavareei and has three daughters, Hayden, Jordan and Isabella. He is a member of the Board of Directors of Public Justice and is the President of Hayden's Journey of Inspiration, a non-profit that provides housing to families of pediatric stem cell transplant recipients.

# ANDREA R. GOLD
PARTNER

Andrea Gold, a two-time graduate of the University of Michigan, has spent her legal career advocating for consumers, employees, and whistleblowers.  Ms. Gold has deftly litigated numerous complex cases, including through trial.  Her extensive litigation experience benefits the firm's clients in both national class action cases as well as in qui tam whistleblower litigation.

She has served as trial counsel in two lengthy jury trials. First, she was second-chair in a four month civil jury trial in state court in California. She more recently served as second-chair in a multi-week jury trial in Maryland.

In her class action practice, Ms. Gold has successfully defended dispositive motions, navigated complex discovery, worked closely with leading experts, and obtained contested class certification.  Her class action cases have involved, amongst other things, unlawful bank fees, product defects, violations of the Telephone Consumer Protection Act, and deceptive advertising and sales practices.  Ms. Gold's tireless efforts have resulted in millions of dollars in recovery for consumers.

Ms. Gold also has significant civil rights experience.  She has represented individuals and groups of employees in employment litigation, obtaining substantial recoveries for employees who have faced discrimination, harassment, and other wrongful conduct.   In addition, Ms. Gold has appellate experience in both state and federal court.

Prior to joining Tycko & Zavareei, Ms. Gold was a Skadden fellow.  The Skadden Fellowship Foundation was created by Skadden, Arps, Slate, Meagher & Flom, LLP, one of the nation's top law firms, to support the work of new attorneys at public interest organizations around the country. The Skadden Fellowship Foundation receives hundreds of applications each year, but only a very small number of Skadden fellows are selected.  Ms. Gold was awarded this prestigious fellowship in 2004 and, for two years, she represented survivors of domestic violence in family law and employment matters. Ms. Gold also provided legal counsel to clients, members of the legal community, and social service providers regarding the Illinois Victim's Safety and Security Act (VESSA), a state law protecting survivors of abuse from employment discrimination and providing for unpaid leave.

Ms. Gold earned her law degree from the University of Michigan Law School, where she was an associate editor of the Journal of Law Reform, co-President of the Law Students for Reproductive Choice, and a student attorney at the Family Law Project clinical program.  Ms. Gold graduated with high distinction from the University of Michigan Ross School of Business in 2001, concentrating her studies in Finance and Marketing.

Ms. Gold is admitted to practice before the courts of the District of Columbia, Illinois, and Maryland, as well as numerous federal courts including the U.S. District Court for the District of Columbia, the U.S. District Court for the District of Maryland, and the U.S. Court of Appeals for the District of Columbia Circuit.

# LORENZO B. CELLINI
## PARTNER

Lorenzo Cellini graduated magna cum laude from the University of Arizona, James E. Rogers College of Law in 2004. In law school he was a member of the moot court board, a legal writing fellow and the recipient of the E. Thomas Sullivan Antitrust Award. He also received his B.A. from the University of Arizona, graduating magna cum laude and as a member of Phi Beta Kappa.

Before joining Tycko & Zavareei LLP, Mr. Cellini practiced law in Tucson, Arizona. He specialized in commercial litigation, with an emphasis on contract disputes, real estate, intellectual property and bankruptcy. Additional practice areas included real estate and business transactions, appellate, employment and civil rights law. Representative clients included large biomedical engineering, technology and real estate development firms, as well as local restaurants, banks and individuals.

Mr. Cellini also has substantial experience in antitrust law. While in law school, he served as a law clerk in the Antitrust Division of the U.S. Department of Justice, where he assisted in investigations of anticompetitive conduct and proposed mergers. Before attending law school, he worked in the Federal Trade Commission's Bureau of Competition.

Other legal experience includes externships with the University of Arizona Student Legal Services and Judge Raner Collins of the U.S. District Court for the District of Arizona.

Mr. Cellini is a member of the District of Columbia Bar, and also is admitted to practice before the Supreme Court of Arizona, U.S. District Court for the Districts of Arizona and Maryland and the U.S. Court of Appeals for the Federal Circuit.

# JEFFREY D. KALIEL
## PARTNER

Jeffrey Kaliel earned his law degree from Yale Law School in 2005. Mr. Kaliel graduated from Amherst College summa cum laude in 2000 with a degree in Political Science. He spent one year studying Philosophy at Robinson College, Cambridge University, England.

Mr. Kaliel has substantial class action experience.  He has been appointed Class Counsel in numerous actions and has served as co-counsel in numerous other class actions.  In those cases, Mr. Kaliel has defended several dispositive motions, engaged in data-intensive discovery and worked extensively with economics and information technology experts.  Mr. Kaliel has also successfully resolved numerous class actions by settlement, resulting in relief for millions of class members.  Mr. Kaliel is actively litigating several national class action cases, including several actions against financial services entities.

Prior to joining Tycko & Zavareei, Mr. Kaliel was in the Honors Program at the Department of Homeland Security, where he worked on some the Department's appellate litigation.  Mr. Kaliel also helped investigate the DHS response to Hurricane Katrina in preparation for a Congressional inquiry.

Mr. Kaliel has also served as a Special Assistant US Attorney in the Southern District of California, prosecuting drug and border crimes.

In 2008, Mr. Kaliel worked in Namibia with Lawyers Without Borders on the observation of a 400-defendant treason trial arising from a 1998 armed rebellion.

Mr. Kaliel is a former Staff Sergeant in the Army Reserve and a veteran of the second Iraq war, having served in Iraq in 2003. His publications include contributions to Homeland Security Today and American Bar Association's Homeland Security Handbook.

Mr. Kaliel is admitted to practice in California and Washington, DC.  He is also admitted to the U.S. District Court for the District of Columbia, the Southern, Central, and Northern Districts of California, and the Northern District of Illinois.

## KRISTEN L. SAGAFI
### PARTNER

Kristen Law Sagafi is a 2002 graduate of the University of California, Berkeley School of Law, where she served as articles editor for Ecology Law Quarterly and a student law clerk to the Hopi Appellate Court in Keams Canyon, Arizona. After graduating from law school, Ms. Sagafi joined the San Francisco office of Lieff Cabraser Heimann & Bernstein, LLP, one of the nation's premier class action firms. Ms. Sagafi was recognized as a "Rising Star for Northern California" by Super Lawyers every year between 2009 and 2014, before being named as a "Super Lawyer" in 2015.

Ms. Sagafi focuses her practice on consumer fraud cases, including matters involving false advertising and unfair competition. In 2014, Ms. Sagafi drafted and advanced a bill to strengthen the protections afforded to consumers under California's Consumers Legal Remedies Act, an effort that included presenting testimony to the California State Senate Judiciary Committee. Beyond her consumer protection practice, Ms. Sagafi has received more than 40 hours of accredited mediation training and has served as a volunteer mediator at Contra Costa Superior Court, successfully mediating small claims and landlord-tenant cases.

In addition, Ms. Sagafi has been a guest lecturer on class action law at UC Berkeley and law firm management at UC Hastings. Since 2010, she has been co-chair of the Berkeley Consumer Law Alumni Group. Ms. Sagafi currently sits on the Board of the Justice and Diversity Center of the Bar Association of San Francisco, which advances fairness and equality by providing pro bono legal services to low-income people and educational programs that foster diversity in the legal profession. From 2009-2014, Ms. Sagafi served on the Board of Governors of California Women Lawyers, where she was a member of the executive committee and co-chair of the membership committee.

# ANNA C. HAAC
## PARTNER

Anna C. Haac is a Partner in Tycko & Zavareei's Washington, D.C. office. She focuses her practice on consumer protection class actions and whistleblower litigation. Her prior experience at Covington & Burling LLP, one of the nation's most prestigious defense-side law firms, gives her a unique advantage when representing plaintiffs against large companies in complex cases. During her time at Covington, Ms. Haac represented corporate clients in high stakes cases, focusing her practice on complex civil litigation, white collar defense work, and employment disputes. Among other matters, Ms. Haac represented Fortune 500 companies in government investigations into violations of federal laws and regulations, advised employers on applicable federal and state employment laws, and litigated on behalf of companies and individuals in patent, insurance, and other civil matters.

Since arriving at Tycko & Zavareei, Ms. Haac has represented consumers in a wide range of practice areas, including product liability, false labeling, deceptive and unfair trade practices, and predatory financial practices. She also serves as the D.C. Co-Chair of the National Association of Consumer Advocates. Her whistleblower practice involves claims for fraud on federal and state governments across an equally broad spectrum of industries, including health care fraud, customs fraud, and government contracting fraud. During her tenure at Tycko & Zavareei, Ms. Haac has helped secure multimillion dollar relief on behalf of the classes and whistleblowers she represents. In addition, she has been instrumental in securing key appellate victories, including a recent landmark decision by the U.S. Court of Appeals for the Third Circuit, which held as a matter of first impression that the evasion of customs duties for failing to mark imported goods with their foreign country of origin gives rise to a claim under the False Claims Act.

Ms. Haac earned her law degree cum laude from the University of Michigan Law School in 2006 and went on to clerk for the Honorable Catherine C. Blake of the United States District Court for the District of Maryland. Prior to law school, Ms. Haac graduated with a B.A. in political science with highest distinction from the Honors Program at the University of North Carolina at Chapel Hill.

Ms. Haac is a member of the District of Columbia and Maryland state bars. She is also admitted to the United States Court of Appeals for the Second, Third, and Fourth Circuits and the United States District Courts for the District of Columbia, District of Maryland, and the Eastern District of Michigan.

# ANDREW J. SILVER
## ASSOCIATE

Andrew J. Silver graduated magna cum laude as a member of the Order of the Coif from Boston College Law School in 2012. While in law school, he was an Articles Editor of the Boston College International & Comparative Law Review, for which he previously served as a Staff Writer. In 2007, Mr. Silver graduated from Tufts University with a B.A. in Economics and a concentration in Communication and Media Studies.

At Tycko & Zavareei LLP, Mr. Silver has worked on all aspects of complex civil litigation matters in federal and state courts, with a focus on consumer class action and qui tam litigation.  The substantive issues in these cases have involved financial products, contracts, product labels, privacy, and product defects, and frequently touch on questions of statutory interpretation, federal regulations, and civil procedure.  Mr. Silver is experienced in pre-complaint investigations, written discovery, deposition practice, all aspects of motion practice—including dispositive motions, class certification, and appeals—and has worked on multiple matters on which a court has granted a contested motion for class certification.

Prior to joining Tycko & Zavareei, Mr. Silver worked as a student-attorney at the Boston College Legal Assistance Bureau, practicing housing law, family law, and administrative law on behalf of indigent clients. During law school, he spent summers at the Appeals Bureau of the Manhattan District Attorney's Office and as a judicial intern for the Honorable Williams K. Sessions III at the United States District Court for the District of Vermont.

Prior to law school, Mr. Silver worked as a correspondent and desk assistant at The Boston Globe's Sports Department and additionally served as Managing Editor of The Tufts Daily, a daily student newspaper. He also worked as an administrator at Camp Bauercrest, a nonprofit residential camp in Massachusetts.

Mr. Silver is a member of the Massachusetts and District of Columbia bars and is admitted to practice before the United States District Court for the District of Columbia.

## ANNICK M. PERSINGER
ASSOCIATE

Annick M. Persinger graduated magna cum laude as a member of the Order of the Coif from the University of California, Hastings College of the Law in 2010.  While in law school, Ms. Persinger served as a member of Hastings Women's Law Journal, and authored two published articles. In 2008, Ms. Persinger received an award for Best Oral Argument in the first year moot court competition. In 2007, Ms. Persinger graduated cum laude from the University of California, San Diego with a B.A. in Sociology, and minors in Law & Society and Psychology.

Prior to joining Tycko & Zavareei LLP, Ms. Persinger was a litigation associate at Bursor & Fisher, P.A., a prestigious consumer class action firm.  During her time at Bursor & Fisher, Ms. Persinger represented classes of purchasers of homeopathic products, mislabeled food products, mislabeled toothpaste products, and purchasers of large appliances that were mislabeled as Energy Star qualified.  While working at Bursor & Fisher, Ms. Persinger developed cases for filing, drafted countless successful briefs in support of class certification, and defeated numerous motions to dismiss and motions for summary judgment.  Ms. Persinger also routinely appeared in court, and regularly deposed and defended witnesses.

Following law school, Ms. Persinger also worked as a legal research attorney for Judge John E. Munter in Complex Litigation at the San Francisco Superior Court.

Since joining Tycko & Zavareei in 2017, Ms. Persinger has focused her practice on consumer class actions and other complex litigation.

Ms. Persinger is admitted to the State Bar of California and the bars of the United States District Courts for the Northern District of California, Central District of California, Eastern District of California, and Southern District of California.

**SOPHIA J. GOREN**
ASSOCIATE

Sophia Goren graduated from the University of California, Berkeley, School of Law in 2015. While in law school, Sophia was involved in the Berkeley Mock Trial Team and placed 1st in the prestigious Bales Mock Trial Competition. Sophia also participated in the California Asylum Representation Clinic and served as the student chair of the Faculty Appointments Committee. She received the Jurisprudence Award for Conflict of Laws.

Sophia spent her first summer in law school representing workers exposed to asbestos. In her second summer, Sophia was selected by the San Francisco Trial Lawyers' Association for the Trial Advocacy Fellowship, through which she split her summer between three San Francisco plaintiff-side firms.

Sophia graduated summa cum laude from Wake Forest University with a degree in Political Science.

## DAVID W. LAWLER
OF COUNSEL

David Lawler received his law degree from Creighton University School of law in 1997. Mr. Lawler graduated from the University of California, Berkeley in 1989 with a degree in Political Science.

Mr. Lawler joined Tycko & Zavareei LLP in January 2012.  He has over fifteen years of commercial litigation experience, including an expertise in eDiscovery and complex case management. At the firm Mr. Lawler has worked extensively on overdraft fee litigation and *In re Automotive Parts Antitrust litigation*.

Before joining Tycko & Zavareei LLP, Mr. Lawler was an attorney in the litigation departments at McKenna & Cuneo LLP and Swidler Berlin Shereff Friedman LLP.

Among Mr. Lawler's accomplishments include the co-drafting of appellate briefs which resulted in reversal and remand of lower court decision, US Court of Appeals for the Fourth Circuit.

Mr. Lawler is a member of the District of Columbia Bar, as well as numerous federal courts.

# EXHIBIT 2



One West Las Olas Boulevard, Suite 500
Fort Lauderdale, Florida 33301

TELEPHONE: 954.525.4100
FACSIMILE: 954.525.4300

## OUR FIRM

For nearly two decades, Kopelowitz Ostrow Ferguson Weiselberg Gilbert (KO) has provided comprehensive, results-oriented legal representation to individual, business, and government clients throughout Florida and the rest of the country. KO has the experience and capacity to represent its clients effectively and has the legal resources to address almost any legal need. The firm's 45 attorneys and over 20 support staff have practiced at several of the nation's largest and most prestigious firms and are skilled in almost all phases of law, including consumer class actions, multidistrict litigation involving mass tort actions, complex commercial litigation, and corporate transactions. In the class action arena, the firm has experience not only representing individual aggrieved consumers, but also defending large institutional clients, including multiple Fortune 100 companies.

**Who We Are**

The firm has a roster of accomplished attorneys. Clients have an opportunity to work with some of the finest lawyers in Florida, each one committed to upholding KO's principles of professionalism, integrity, and personal service. Among our roster, you'll find attorneys whose accomplishments include: being listed among the "Legal Elite Attorneys" and as "Florida Super Lawyers"; achieving an AV® Preeminent™ rating by the Martindale-Hubbell peer review process; being Board Certified in their specialty; serving as in-house counsel for major corporations, as a city attorney handling government affairs, as a public defender, and as a prosecutor; achieving multi-millions of dollars through verdicts and settlements in trials, arbitrations, and alternative dispute resolution procedures; successfully winning appeals at every level in Florida state and federal courts; and serving government in various elected and appointed positions, including Mayor of Broward County, Florida.

Our efficient staff is trained in the use of cutting edge case management technology, communication devices and computer programs, and is assisted by our in-

house programming staff who gives our firm an advantage in coordinating our class action suits. The firm has these significant resources at its disposal, and all of those resources will be committed as needed to the representation of the putative class in this litigation.

KO has the experience and resources necessary to represent large putative classes. The firm's attorneys are not simply litigators, but rather, experienced trial attorneys with the support staff and resources needed to coordinate complex cases.

**Class Actions – Plaintiff**

Since its founding, KO has initiated and serves as co-lead counsel and liaison counsel in many high profile class actions. Currently, the firm serves as liaison counsel in a multidistrict class action antitrust case against four of the largest contact lens manufacturers pending before Judge Schlesinger in the Middle District of Florida. *See* In Re: Disposable Contact Lens Antitrust Litigation, MDL 2626. Further, the firm serves as lead or co-lead counsel in over a dozen certified and/or proposed class actions against national and regional banks involving the unlawful re-sequencing of debit and ATM transactions resulting in manufactured overdraft fees. The complaints are pending in various federal and state jurisdictions throughout the country, including some in multidistrict litigation pending in the Southern District of Florida and others in state courts dispersed throughout the country. In connection with these cases, the firm's attorneys are admitted in many federal and state courts to properly litigate these cases. KO's substantial knowledge and experience litigating overdraft class actions and analyzing overdraft damage data has enabled the firm to obtain about 15 multi-million dollar settlements (in excess of $300 million) for the classes KO represents. In fact, KO recently secured a $27.5 million dollar settlement against Bank of America in connection with their debit hold practice resulting in deceptive overdraft charges for consumers.

Additionally, the firm is currently or has in the past litigated certified and proposed class actions against Blue Cross Blue Shield and United Healthcare related to their improper reimbursements of health insurance benefits. Other class action cases include cases against Microsoft Corporation related to its Xbox 360 gaming platform, ten of the largest oil companies in the world in connection with the destructive propensities of ethanol and its impact on boats, Nationwide Insurance for improper mortgage fee assessments, payday lenders for deceptive and predatory loans and several of the nation's largest retailers for deceptive advertising and marketing at their retail outlets and

factory stores.

**Class Action - Defense**

The firm also brings experience in successfully defended many class actions on behalf of banking institutions, mortgage providers and servicers, an aircraft maker and U.S. Dept. of Defense contractor, a manufacturer of breast implants, and a national fitness chain.

**Mass Tort Litigation**

The firm also has extensive experience in mass tort litigation, including the handling of cases against Bausch & Lomb in connection with its Renu with MoistureLoc product, Wyeth Pharmaceuticals related to Prempro, Bayer Corporation related to its birth control pill YAZ, and Howmedica Osteonics Corporation related to the Stryker Rejuvenate and AGB II hip implants. In connection with the foregoing, some of which has been litigated within the multidistrict arena, the firm has obtained millions in recoveries for its clients.

**Other Areas of Practice**

In addition to class action and mass tort litigation, the firm has extensive experience in the following practice areas: commercial and general civil litigation, corporate transactions, health law, insurance law, labor and employment law, marital and family law, real estate litigation and transaction, government affairs, receivership, construction law, appellate practice, estate planning, wealth preservation, healthcare provider reimbursement and contractual disputes, white collar and criminal defense, employment contracts, environmental, and alternative dispute resolution.

**More about KO**

To learn more about KO, or any of the other firm's attorneys, please visit www.kolawyers.com.

## CLASS COUNSEL APPOINTMENTS

*Orallo v. Bank of the West*, 1:09-MD-202036 (S.D. Fla. 2012) **-** $18.0 million – Class Counsel

*LaCour v. Whitney Bank*, 8:11-CV-1896 (M.D. Fla. 20120 **-** $6.8 million – Class Counsel

*Mello v. Susquehanna Bank*, 1:09-MD-02046 (S.D. Fla. 2014) – 3.68 million – Class Counsel

*Wolfgeher Commerce Bank*, 1:09-MD-02036 (S.D. Fla. 2013) **-** $18.3 million – Class Counsel

*Harris v. Associated Bank*, 1:09-MD-02036 (S.D. Fla. 2012) **-** $13.0 million – Class Counsel

*Blahut v. Harris Bank*, 1:09-MD-02036 (S.D. Fla. 2013) **-** $9.4 million – Class Counsel

*McKinley v. Great Western Bank*, 1:09-MD-02036 (S.D. Fla. 2013) **-** $2.2 million – Class Counsel

*Nelson v. Rabobank*, RIC 1101391 (Riverside County, CA 2012) **-** $2.4 million – Class Counsel

*Trevino v. Westamerica,* CIV 1003690 (Marin County, CA 2010) **-** $2.0 million – Class Counsel

*Johnson v. Community Bank*, 3:11-CV-01405 (M.D.PA. 2013) **-** $1.5 million – Class Counsel

*Simpson v. Citizens Bank*, 2:12-CV-10267 (E.D.MI. 2012) **-** $2.0 million – Class Counsel

*Hawthorne v. Umpqua Bank*, 3:11-CV-06700 (N.D.Ca. 2012) – $2.9 million Settlement – Class Counsel

*Case* v. Bank of Oklahoma, 09-MD-02036 (S.D. Fla.. 2012) **-** $19.0 million Settlement – Class Counsel

*Taulava v. Bank of Hawaii*, 11-1-0337-02 (1st Cir. Hawaii 2011) **-** $9.0 million – Class Counsel

*Swift. v. Bancorpsouth*, 1:10-CV-00090 (N.D. Fla. 2016) **-** $24.0 million – Class Counsel, Litigation Class Certified

*Payne v. Old National Bank*, 82Co1-1406 (Cir. Ct. Vanderburgh) – Class Counsel, Litigation Class Certified

*Bodnar v. Bank of America, N.A.,* 5:14-cv-03224-EGS (E.D. Pennsylvania 2015) – $27.5 million, Class Counsel





JEFFREY OSTROW
**Managing Partner**

11 West Las Olas, Suite 500
Fort Lauderdale, FL 33301
Main: 954-525-4100
Direct: 954-332-4200
Fax: 954-525-4300
Email: ostrow@kolawyers.com

Jeffrey M. Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. He established his own law practice immediately upon graduation from law school in 1997, co-founded the current firm in 2001, and has since grown it to over 40 attorneys in 3 offices throughout South Florida. In addition to overseeing the firm's day-to-day operations and strategic direction, Mr. Ostrow practices full time in the areas of consumer class actions, commercial litigation, business counseling, and sports agency law. He is a Martindale-Hubbell AV® Preeminent™ rated attorney in both legal ability and ethics, which is the highest possible rating by the most widely recognized attorney rating organization in the world.

Mr. Ostrow often serves as outside General Counsel to companies, advising them in connection with their legal and regulatory needs. He currently represents multiple Fortune 500® Companies in connection with their Florida litigation. He has handled cases covered by media outlets throughout the country and has been quoted many times on various legal topics in almost every major news publication, including the Wall Street Journal, New York Times, Washington Post, Seattle Times, Miami Herald, and Sun-Sentinel. He has also appeared on CNN, ABC, CBS, FoxNews, ESPN, and other major national television networks in connection with his cases, which often involve athletes in the NFL, NBA, and MLB.

Mr. Ostrow is an accomplished trial attorney who represents both Plaintiffs and Defendants, successfully trying cases to verdict in numerous cases involving multi-million dollar damage claims in state and federal courts. Currently, he serves as lead counsel in nationwide and statewide class action lawsuits against many of the world's largest financial institutions in connection with the unlawful assessment of fees. To date, his efforts have successfully resulted in the recovery of over $250,000,000 for millions of bank customers, as well as monumental changes in the way banks assess fees. In addition, Mr. Ostrow has litigated consumer class actions against some of the world's largest clothing retailers, health insurance carriers, technology companies, and oil conglomerates, along with serving as class action defense counsel for some of the largest advertising and marketing agencies in the world, banking institutions, real estate developers, and mortgage companies.

He is also the President of ProPlayer Sports LLC, a full service sports agency and marketing firm. Mr. Ostrow is licensed by both the NFL Players Association and the NBA Players Association as a Contract Agent certified to represent NFL and NBA professional athletes in connection with their football and basketball contract negotiations. At the agency, Mr. Ostrow handles all player-team negotiations of agreements, represents his clients in legal proceedings, and oversees all marketing engagements. His clientele represents nearly every major professional sport.

Mr. Ostrow received a Bachelor of Science in Business Administration from the University of Florida and Juris Doctorate from Nova Southeastern University. He is a member of The Florida Bar and is fully admitted to practice before the U.S. Supreme Court, the U.S. District Courts for the Southern, Middle, and Northern Districts of Florida, Eastern District of Michigan, Northern District of Illinois, Western District of Tennessee, Western District of Wisconsin, and the U.S. Court of Appeals for the Eleventh Circuit. Mr. Ostrow is a also member of the American Bar Association and the founder and President of Class Action Lawyers of America.

He is a lifetime member of the Million Dollar Advocates Forum. The Million Dollar Advocates Forum is the most prestigious group of trial lawyers in the United States. Membership is limited to attorneys who have won multi-million dollar verdicts. Additionally, he has been named as one of the top lawyers in Florida by Super Lawyers® for several years running, honored as one of Florida's Legal Elite Attorneys, recognized as a Leader in Law by the Lifestyle Media Group®, and nominated by the South Florida Business Journal® as a finalist for its Key Partners Award. Mr. Ostrow is a recipient of the University of Florida's Warrington College of Business Administration *Gator 100* award for the fastest growing University of Florida alumni-owned law firm in the world.

When not practicing law, Mr. Ostrow serves on the Board of Governors of Nova Southeastern University's Wayne Huizenga School of Business and is a Member of the Broward County Courthouse Advisory Task Force. He is also the Managing Member of One West LOA LLC, a commercial real estate development company with holdings in downtown Fort Lauderdale and the Managing Member of TKSF Management Group LLC, a company that operates a chain of Tilted Kilt Pub & Eatery® restaurants throughout

South Florida. He has also previously sat on the boards of a national banking institution and a national healthcare marketing company. Mr. Ostrow is a founding board member for the Jorge Nation Foundation, a 501(c)(3) non-profit organization that partners with the Joe DiMaggio Children's Hospital to send children diagnosed with cancer on all-inclusive *Dream Trips* to destinations of their choice.

**Primary Practice Area**
Class Action Litigation

**Secondary Practice Area**
Business & Sports Agency Law

**Bar Admissions**
Florida Bar

**Court Admissions**
U.S. Court of Appeals for the Eleventh Circuit
U.S. District Ct, Southern District of Florida
U.S. District Ct, Middle District of Florida
U.S. District Ct, Northern District of Florida
U.S. District Ct, Northern District of Illinois
U.S. District Ct, Eastern District of Michigan
U.S. District Ct, Western District of Tennessee
U.S. District Ct, Western District of Wisconsin

**Education**
Nova Southeastern University – 1997
University of Florida - 1994

# EXHIBIT 3

# BRYAN S. GOWDY
**Curriculum Vitae**

## Contact Information

Creed & Gowdy, P.A.
865 May Street
Jacksonville, Florida 32204
(904) 350-0075 Telephone
(904) 503-0441 Facsimile
Email: bgowdy@appellate-firm.com
Bio: http://www.appellate-firm.com/our-lawyers/bryan-gowdy.aspx
Firm website: www.appellate-firm.com

## Professional Employment

**Creed & Gowdy, P.A.,** Oct. 2006 to present
(formerly known as Mills & Carlin, P.A., Mills & Creed, P.A., and Mills Creed & Gowdy)
865 May Street, Jacksonville, Florida 32204
(904) 350-0075
Shareholder

**McGuire Woods LLP**, Sept. 2001 – Sept. 2006
50 N. Laura St., Ste. 3300, Jacksonville, Florida 32202
(904) 798-3200
Associate

**Hon. Susan H. Black**, Aug. 2000 – Aug. 2001
United States Court of Appeals, Eleventh Circuit
300 North Hogan Street, Suite 14-150, Jacksonville, Florida 32202
(904) 301-6610
Law Clerk

**Hon. Maurice M. Paul**, Aug. 1999 – Aug. 2000
United States District Court, Northern District of Florida
401 S.E. First Ave, Gainesville, Florida 32601
(904) 380-2415
Law Clerk

## Education

**University of Florida Levin College of Law**, J.D. 1999
Graduated with High Honors and ranked number one in class
Management Editor, *Florida Law Review*

1

Order of the Coif
Book Awards: Legal Research and Writing, Antitrust Law, Comparative Law

**Georgetown University**, B.S.F.S. 1992
International Economics
Dean's List (four semesters)

## Notable Cases

*Graham v. Florida,* 560 U.S. 48, 130 S. Ct. 2011 (2010) (represented juvenile defendant before the U.S. Supreme Court, which categorically applied the Eighth Amendment for the first time in a non-capital case and ruled that life-without-parole sentences were unconstitutional for juvenile offenders who have not committed a homicide; the Court's decision invalidates the sentencing laws of 37 states, the federal government, and the District of Columbia).

*Charles v. S. Baptist Hosp. of Florida, Inc.*, 209 So. 3d 1199 (Fla. 2017), *pet. for cert. denied*, 2017 WL 2444641 (U.S. Oct. 2, 2017). (represented patient who exercised her right under state constitutional amendment, commonly known as Amendment 7, to request access to all of a hospital's adverse incident reports; the Supreme Court of Florida reversed a lower court's holding that Amendment 7 was preempted by the federal Patient Safety Quality Improvement Act).

*Hernandez v. Crespo*, 211 So. 3d 19 (Fla. 2016), *pet. for cert. denied*, 2017 WL 2444694 (U.S. Oct. 2, 2017) (represented a patient and her husband who sued her physicians for medical malpractice; the Supreme Court of Florida held the arbitration agreement between the patient and her physicians was unenforceable under Florida's Medical Malpractice Act).

*Adinolfe v. United Technologies Corp.*, 768 F.3d 1161 (11th Cir. 2014) (represented hundreds of homeowners claiming damages for diminution of property value due to contamination from nearby industrial facility; the Eleventh Circuit reversed the district court's dismissal with prejudice by holding, among other things, that Florida law did not require homeowners to plead or prove actual contamination of their properties to seek damages for the diminution in their property values caused by the nearby contamination).

*G.S. v. T.B.*, 985 So. 2d 978 (Fla. 2008) (represented maternal grandparents who successfully persuaded the Supreme Court of Florida that, despite the objections of the paternal grandparents, they were entitled under Florida law to adopt their orphaned grandchildren).

## Professional Qualifications and Awards

Board Certified in Appellate Practice, The Florida Bar (2008-present)

Admitted to practice in Florida, Massachusetts, and Supreme Court of the United States, United States Court of Appeals for the Fourth, Ninth, and Eleventh Circuits, and United States District Courts for the Southern, Middle, and Northern Districts of Florida

Florida Super Lawyer (2010-2017)
     Top 100 Florida Super Lawyer (2011, 2013-2017)

Legal Elite, *Florida Trend Magazine* (2009-2017)

Florida Justice Association, Bronze Eagle Award (2012)

Florida Justice Association, S. Victor Tipton Award (2011)

Florida Association of Criminal Defense Lawyers, Stephen Goldstein Award (2011)

The Florida Bar President's Pro Bono Service Award, Fourth Judicial Circuit (2011)

Jacksonville Area Legal Aid Pro Bono Award (2010)

The Florida Bar Appellate Practice Section Pro Bono Award (2009)

## Professional Memberships and Community Service

Florida Supreme Court Standard Jury Instruction Committee (Civil) (2014-present)

Jacksonville Area Legal Aid, Board Member (2007-2014)
     Board President (2013)

Leadership Jacksonville, Class of 2012

Leadership Jacksonville Development Team (2016-present)

The Florida Bar Appellate Practice Section
     Chair, Pro Bono Committee (2008 - 2011)
     Executive Council (2009- 2012)

The Florida Bar Criminal Law Section (2009-13)

The Florida Bar's Standing Committee on Pro Bono Legal Services, Ad Hoc Member (July 1, 2011-present)

The Florida Bar Trial Lawyers Section (2016-2017)

Jacksonville Bar Association
     Chair, Appellate Practice Section (2007-2009)

Federal Bar Association (2006 to present)

Florida Association of Criminal Defense Lawyers (2009-present)

Florida Justice Association (2010-present)
      Chair of the Appellate Section (2011 – 2012)
      Vice Chair of the Appellate Section (2010-2011)

American Association of Justice (2011-12, 2013-14)

First District Appellate American Inn of Court, (Barrister 2008-2009, Master 2011-present)

Chester Bedell Inn of Court, Barrister (2007-2010)

Westside Soccer Club, Volunteer Coach (2007-13)

Friends of Landon, Inc., Director (2016-present)

Assumption Catholic School Soccer League, Volunteer Coach (2017)

## Military Service

United States Navy & Naval Reserve (July 1992-Sept. 2002)
      Active-duty service in Italy and Japan as Surface Warfare Office on two guided-missile cruisers (1992-1996).
      Awarded Navy Commendation Medal for fighting major engine room fire.
      Served in Persian Gulf operations.
      Commanding Officer of 56-person naval reserve unit and promoted to Lt. Commander (Oct. 2000-Sept. 2002).

## Publications

*Amendment 7 Lives Again But Be Prepared for More Attempts to Kill It,* Florida Justice Association Journal (March/April 2017)

*Get Your Client's Treating Physician Paid Reasonable Fees for Deposition and Trial Testimony*, Florida Justice Association Journal (September 2014) (co-author: Jennifer Shoaf Richardson)

*Dealing with the Media in a U.S. Supreme Court Case*, The Defender (Summer 2014)

*Four Years Later: Terrance Graham's Attorney on Issues Created by the Landmark Decision*, The Defender (Winter 2013/2014)

*Best Strategies for Challenging Coding Experts in Auto Accident Cases*, Florida Justice Association Journal (June-July 2012) (co-author: Jennifer Shoaf Richardson)

*Graham v. Florida: A Juvenile's Hope for Redemption*, The Defender (Summer 2010)

*Securing Your Judgment While on Appeal,* Florida Justice Association Journal (May-June 2009)

*Leniency Bribes: Justifying the Federal Practice. . .*, 60 La. L. Rev. 447 (2000)

*Should the Federal Government Have an Attorney-Client Privilege?*, 51 Fla. L. Rev. 695 (1999)

## Recent Lectures, Seminars, and Panel Discussions

*Nuts & Bolts of Practice Before the U.S. Supreme Court*, Appellate Practice Section Webinar CLE (August 15, 2017)

*Dealing with Coding Experts / Using Daubert Motions,* Florida Justice Association Webinar CLE (January 27, 2017)

*Brief Writing and Use of Technology*, Eleventh Circuit Appellate Practice Institute, Atlanta, GA (October 28, 2016)

*New Ways to Overcome the Resistance to Amendment 7 Compliance*, Advanced Trial Skills, Florida Justice Association Annual Convention, Palm Beach, FL (June 22, 2016)

*Mediation in the Eleventh Circuit Court of Appeals*, 5th District Court of Appeals Appellate Mediation Seminar, Daytona Beach, Florida (June 9, 2016)

*Amendment 7/PSO Privilege*, Advanced Medical Malpractice, The Florida Bar Continuing Legal Education Committee and the Trial Lawyers Section, Tampa, FL (March 11, 2016) (co-presented with Andrew S. Bolin)

*Advanced Appellate Practice and Certification Review*, *Federal Practice*, Florida Bar Appellate Practice Section, Tampa, FL (January 14, 2016)

*Inside the First DCA*, Appellate Attorney's Fees, Florida Bar Appellate Practice Section, Tallahassee, FL (April 10, 2015) (co-presented with Courtney Brewer)

*Lecture*, Discussion of *Adinolfe v. United Technologies Corp.* 768 F. 3d 1161 (11th Cir. 2014), Florida Coastal School of Law, Jacksonville, FL (April 2, 2015)

*Advanced Appellate Practice and Certification Review*, *Federal Practice*, Florida Bar Appellate Practice Section, Tampa, FL (January 15, 2015)

*Case Law Insider*, Florida Justice Association Telephonic CLE (November 14, 2014)

5

*Case Law Insider*, Florida Justice Association Telephonic CLE (August 9, 2013)

*Coding Experts*, Florida Justice Association Advanced Trial Skills Seminar, St. Petersburg Beach, FL (June 12, 2013)

*Oral Argument*, Jacksonville Area Legal Aid Seminar, Jacksonville, FL (May 1, 2013)

*Case Law Insider*, Florida Justice Association Telephonic CLE (March 8, 2013)

*Preservation of Error*, Florida Justice Association Workhorse Seminar, Kissimmee, FL (Feb. 20, 2013)

*Eleventh Circuit Technicalities: How To Comply With The New Expanded Record Excerpts, Electronic Filing, and Other Requirements*, Eleventh Circuit Appellate Practice Institute, Miami, FL (Feb. 7, 2013)

*Miller v. Alabama Panel Discussion*, Annual Convention for the Campaign for Fair Sentencing of Youth, Washington, DC (Nov. 15, 2012)

*Oral Argument Skit*, American Board of Trial Advocates, Pajcic Seminar, Jacksonville, FL (Oct. 25, 2012)

*Expert Financial Discovery*, Florida Justice Association Masters of Justice Seminar, Boca Raton, FL (Oct. 3, 2012)

*Expert Financial Discovery*, Jacksonville Justice Association Webinar, (June 27, 2012)

*Appellate Attorney's Fees*, *Inside the First DCA*, Florida Bar Appellate Practice Section, E. Earle Zehmer Inside the First DCA Seminar (March 1, 2012)

*Offensive and Defensive Strategies for the Proposal for Settlement*, Workhorse Seminar, Florida Justice Association (March 2012)

*Graham v. Florida*, Guest Lecturer, Flagler University, Class for Ethical Issues in the Judiciary (Oct. 11, 2011)

*Preservation of Error, Erhlich Seminar*, Jacksonville Bar Association (June 3, 2011)

*Workshop on Life-Without-Parole Resentencing Evaluations*, sponsored by Barry University, Juvenile Justice Center, Tampa, FL (April 15, 2011)

*Presentation on Graham v. Florida*, Kentucky Children's Law Center, Seventh Annual Juvenile Defender Summit, Dayton, OH (April 7, 2011)

*Panel Discussion on U.S. Supreme Court Practice*, Federal Bar Association, Orlando, FL chapter (March 11, 2011)

*Hot Topics*, *U.S. Supreme Court Update*, Florida Bar Appellate Practice Section, Jacksonville, FL (March 4, 2011 (afternoon) and May 17, 2011 (telephonic))

*Winning or Losing at Trial is Not the End: Practical, Front-Line Trial Examples to Help You Preserve Error and Win on Appeal*, Florida Bar Trial Lawyers Section, Tampa, FL (Mar. 4, 2011 (morning)).

*Graham v. Florida*, Florida Coastal School of Law, Jacksonville, FL (Jan. 27, 2011)

*Litigating Graham in Florida*, Barry University, Juvenile Justice Center, Orlando, FL (Dec. 10, 2010).

*Spirit of Giving* Speech, Federal Bar Association, Jacksonville, FL chapter (Dec. 3, 2010)

*Juvenile Life Without Parole Sentences*, Annual Convention for the Campaign for the Fair Sentencing of Youth, Washington, DC (Nov. 3, 2010)

*Amicus Briefs*, Eleventh Circuit Appellate Institute, Atlanta, GA (Oct. 15, 2010)

*Graham v. Florida*, Children Legal Services Conference, Tampa, FL (Sept. 30, 2010)

*The Best Strategies for Avoiding Bifurcation*, Florida Justice Association Seminar, Tampa and Ft. Lauderdale, FL (Sept. 15-16, 2010)

*Juvenile Life Without Parole Sentences*, NAACP Convention, Kansas City, KS (July 12, 2010)

*Preservation of Error and Practice Before the U.S. Supreme Court, Erhlich/Nimmons Seminar*, Jacksonville Bar Association and Federal Bar Association (June 2010)

*Art of Objecting*, Florida Bar Appellate Practice Section, Ft. Lauderdale, FL (May 2010)

*Practice Before the U.S. Supreme Court*, Florida Bar Appellate Practice Section, Tallahassee, FL (January & July 2010)

*Preservation of Error, Criminal Law*, Jacksonville Bar Association (June 2009)

*Hot Topics*, Florida Bar Appellate Practice Section, Ft. Lauderdale, FL (May 2009)

*Appellate Strategy for In-House Counsel*, Jacksonville Bar Association In-House Counsel Section (February 2009)

*Amicus Briefs*, Florida Bar Appellate Practice Section Telephonic Seminar (Sep. 2008)

7

*Representing Pro Bono Clients*, Florida Bar Appellate Practice Section Telephonic Seminar (Aug. 2008)

*Moderator*, E. Earle Zehmer Inside the First DCA Appellate Seminar, Jacksonville, Florida (May 2008)

*Moderator,* Art of Objecting, Florida Bar Appellate Practice Section, Orlando, FL (November 2007)

*Preservation of Error*, Jacksonville Bar Association Ray Erlich Seminar (June 2007)

## Other Selected Cases

*Amerisure Insurance Co. v. Correia,* No. 1D16-4355, 2017 WL 4324860 (Fla. 1st DCA Sept. 29, 2017) (represented automobile driver and his spouse in suit against his uninsured motorist carrier).

*Cortes-Gascot v. Kamat,* No. 2D17-667, 2017 WL 3564525 (Fla. 2d DCA Aug. 18, 2017) (represented patient in medical malpractice suit against his providers and hospital).

*Gallardo by and through Vassallo v. Dudek,* No. 4:16cv116-MW/CAS, 2017 WL 1405166 (N.D. Fla. April 18, 2017) (represented Medicaid recipient who argued Florida's Medicaid lien law was unconstitutional and preempted by federal law; district court agreed; case currently on appeal before the Eleventh Circuit).

*City of Jacksonville v. Ratliff,* 217 So.3d 183 (Fla. 1st DCA 2017) (represented claimant in workers' compensation appeal).

*In re Amendments to Florida Evidence Code*, 10 So.3d 1231 (Fla. 2017) (drafted and filed comment on several past presidents of The Florida Bar and multiple other attorneys advocating that the Supreme Court of Florida decline to adopt the *Daubert* standard for expert evidence).

*Searcy, Denny, Scarola, Barnhart & Shipley, etc. v. State*, 209 So.3d 1181 (Fla. 2017) (represented Florida Justice Association as amicus in case concerning the constitutionality of a claims bill that impaired the client's contract with counsel).

*Doctors Company v. Plummer,* 210 So.3d 711 (Fla. 5th DCA 2017) (represented the estate in a wrongful death and medical malpractice action).

*McGee v. Bank of America, N.A.,* 674 Fed.Appx. 958 (11th Cir. 2017) (represented a bank customer claiming the bank's overdraft fee was usurious)

*Klemish v. Villacastin*, 6 So.3d 14 (Fla. 5th DCA 2016) (represented patient claiming arbitration agreement with provider was unenforceable under Florida Medical Malpractice Act).

*Morana v. Craig,* Nos. 2D15-476 & 1886, 2016 WL 2761150 (Fla. 2d DCA May 13, 2016) (represented automobile driver injured by defendant driver).

*Durgin v. Woloson,* 187 So.3d 1236 (Fla. 1st DCA 2016) (represented automobile driver injured by defendant driver).

*Lesnik v. Duval Ford, LLC,* 185 So.3d 577 (Fla. 1st DCA 2016) (represented automobile driver in products liability suit against the vehicle's retailers).

*Dempsey & Associates, P.A. v. Lindon,* 186 So.3d 1040 (Fla. 5th DCA 2016) (represented client in fee dispute with his former attorney).

*Mid-Continent Cas. Co. v. Treace,* 186 So.3d 11 (Fla. 5th DCA 2015) (represented homeowners in coverage action against their contractor's insurer).

*Hunter v. City of Jacksonville Fire & Rescue,* 179 So.3d 322 (Fla. 1st DCA 2015) (represented fireman in worker's compensation claim).

*Horton v. Horton,* 179 So.3d 459 (Fla. 1st DCA Nov. 16, 2015) (represented former wife in post-dissolution dispute with her former husband).

*Ahearn v. Mayo Clinic,* 180 So.3d 165 (Fla. 1st DCA 2015) (represented class action representative alleging hospital overcharged self-pay patients).

*Praise v. Selph,* 5 So.3d 389 (Fla. 1st DCA 2015) (represented *pro bono* respondent who had restraining order entered against him).

*Inlet Condominium Ass'n, Inc. v. Childress Duffy, Ltd., Inc.,* 615 Fed.Appx. 533 (11th Cir. 2015) (represented condominium association in legal malpractice action against former counsel).

*Colbert v. U.S.,* 785 F.3d 1384 (11th Cir. 2015) (represented estate of automobile driver who was injured by employee of the Navajo Nation in the course and scope of her employee; appeal concerned the liability of the federal government for a tort committed by an employee of the Navajo Nation).

*Escobar v. Colony Ins. Co.,* 206 So.3d 42 (Fla. 2d DCA 2015) (represented insured in coverage action against insurance company).

*Gridine v. State,* 175 So.3d 672 (Fla. 2015) (filed amicus brief on behalf of the Florida Association of Criminal Defense Lawyers in case concerning whether 70-year sentence for a juvenile was unconstitutional).

*Stalley v. ADS Alliance Data Systems. Inc.,* 602 Fed. Appx. 732 (11th Cir. 2015) (represented class representative in case concerning defendant's recording of telephone calls).

*Botto v. State,* 160 So.3d 452 (Fla. 5th DCA 2015 (represented criminal defendant claiming a double jeopardy violation).

*Richardson v. Everbank,* 152 So.2d 1282 (Fla. 4th DCA 2015) (represented bank in commercial foreclosure action).

*In re Adoption of K.A.G.*, 152 So.3d 1271 (Fla. 5th DCA 2014) (successfully overturned trial court's dismissal of grandmother's petition to adopt child)

*Doering v. The Villages Operating Co.*, 153 So.3d 417 (Fla. 5th DCA 2014) (successfully challenged trial court's order of final summary judgment in a tripping hazard case)

*In re Vassell,* 751 F.3d 267 (4th Cir. 2014) (represented defendant sentenced to life without parole for conspiracy to traffic in controlled substances while a minor)

*Campion v. Campion*, 136 So. 3d 596 (Fla. 1st DCA 2014) (represented former wife challenging issuance of orders directed to child who was not a party to dissolution proceedings and seeking disqualification of trial judge)

*Koshenina v. Buvens*, 130 So. 3d 276 (Fla. 1st DCA 2014) (represented husband seeking his appointment as wife's plenary guardian and challenging trial court's application of Florida guardianship law)

*Franks v. Bowers*, 116 So. 3d 1240 (Fla. 2013) (represented Florida Justice Association as amicus supporting the estate of a patient who challenged arbitration agreement that limited damages below those authorized by Florida's Medical Malpractice Act)

*Forgione v. HCA, Inc.*, 954 F. Supp. 2d. 1349 (N.D. Fla. 2013) (successfully challenged the validity of a federal regulation that purported to authorize federal officials the power to block state employees from testifying under a state court subpoena)

*HCA, Inc. v. Forgione*, 113 So. 3d 838 (Fla. 1st DCA 2013) (represented estate in wrongful death action in appeal by defendant seeking to disqualify the trial judge)

*Cheek v. Hesik*, 113 So. 3d 838 (Fla. 1st DCA 2013) (represented former wife in custody dispute against former husband who lived out of state)

*Kotzian v. Murphy*, 109 So. 3d 786 (Fla. 1st DCA 2013) (represented party seeking contribution from co-tortfeasor on an out-of-state judgment)

*Geico General Insurance Co. v. Ethel Cousin,* 109 So. 3d 1157 (Fla. 1st DCA 2013) (represented plaintiff injured in auto accident by underinsured driver)

*Lindon v. Dalton Hotel Corp.*, 113 So. 3d 985 (Fla. 5th DCA 2013) (represented minority shareholder in dispute with majority shareholder)

*Romero v. State,* 105 So. 3d 550 (Fla. 1st DCA 2012) (represented 18-year-old defendant sentenced to life without parole for second degree murder)

*State v. Fernandez*, Nos. 1D12-3885 & 3886 (Fla. 1st DCA 2012 Sept. 27, 2012) (represented child accused of murder in defending suppression order appeal by the State; State dismissed the appeal)

*Memorial Health Care Group v. Chandler*, No. 1D12-2742 (Fla. 1st DCA Sept. 19, 2012) (represented patient injured by medical malpractice in defending verdict on appeal; settled)

*Nelson v. State*, 95 So. 3d 368 (Fla. 1st DCA 2012) (challenged amount of restitution awarded to the State)

*Swaniger v. U.S. Bank Nat'l Assoc.*, 83 So. 3d 716 (Fla. 1st DCA 2012) (represented attorney in dispute with client over charging lien)

*State Farm Mut. Auto. Ins. Co. v. Bowling*, 81 So. 3d 538 (Fla. 2d DCA 2012) (represented amicus in case concerning admissibility of expert opinion on medical coding)

*Petty v. Fla. Ins. Guar. Ass'n*, 80 So. 3d 313 (Fla. 2012) (represented insured policyholder in appeal concerning whether the Florida Insurance Guaranty Association must fulfill an insolvent insurer's obligation to pay the insured's attorney's fees incurred in seeking benefits under a homeowner's policy)

*Legacy Place Apartment Homes LLC v. PGA Gateway Ltd.*, 65 So. 3d 644 (Fla. 4th DCA 2011) (represented developer of luxury apartments in dispute with developer of adjacent commercial property)

*Frank v. Bowers*, 62 So. 3d 16 (Fla. 1st DCA 2011) (represented amicus in case concerning enforceability of arbitration agreement in medical malpractice case)

*Sher v. Raytheon*, No. 09-15798, 2011 WL 814379 (11th Cir. Mar. 9, 2011) (unpublished) (represented property owners who were impacted by contamination plume and who sought class certification)

*Glary v. Israel*, 53 So.3d 1095 (Fla. 1st DCA 2011) (represented law firm whose due process rights were violated when trial court ordered it to transfer monies held in trust to court-appointed receiver)

*Tripoli v. State*, 50 So. 3d 776 (Fla. 4th DCA 2010) (represented criminal defendant whose conviction was reversed due to erroneous admission of collateral act evidence)

*Baptist Med. Center of Beaches, Inc. v. Rhodin*, 40 So. 3d 112 (Fla. 1st DCA 2010) (represented injured patient in appeal interpreting the pre-suit requirements under Florida's medical malpractice act).

*CSX Transp., Inc. v. Williams*, 33 So. 3d 40 (Fla. 2d DCA 2010) (represented injured employee in appeal from judgment and jury verdict concerning employee's claims under the Federal Employers Liability Act).

*Rando v. GEICO*, 39 So. 3d 244 (Fla. 2010) (represented insured policyholder in the Supreme Court of Florida on a certified question from U.S. Court of Appeals for the Eleventh Circuit concerning question of first impression under Florida's uninsured motorist statute)

*State v. Hinson*, 23 So.3d 1187 (Fla. 1st DCA 2009) (represented criminal defendant in defending an order finding that the police had violated his Fourth Amendment rights)

*Roberts v. Stidham*, 19 So. 3d 1155 (Fla. 5th DCA 2009) (represented injured driver in an appeal of dismissal for untimely service of process)

*Hafterson v. United States*, 558 U.S. 948, 130 S.Ct. 416 (2009) (represented family of deceased service member in their petition for certiorari to U.S. Supreme Court seeking to overturn *Feres* decision that prohibits service members from asserting tort claims against the Government)

*Ross v. Ross*, 11 So.3d 359 (Fla. 1st DCA 2009) (represented ex-wife seeking alimony)

*Salmi v. Salmi*, 5 So.3d 674 (Fla. 1st DCA 2009) (represented ex-wife seeking alimony)

*Trammell v. Thomason*, No. 08-13801, 2009 WL 1706591 (11th Cir. June 18, 2009) (unpublished) (civil rights claim under 42 U.S.C. § 1983 on behalf of client, not suspected of any criminal activity, who was attacked by police dog)

*Jackson v. United States*, 3:09-CV-26-J-34TEM, 2009 WL 2436577 (M.D. Fla. 2009) (defended against the Government's request for order that would have limited the rights of the plaintiff and his counsel to communicate with the press)

*Griffin v. McNeil*, 995 So. 2d 1178 (Fla. 4th DCA 2008) (petition for writ of habeas corpus resulting in the immediate release of client, who had served thirty-three years in prison on a life sentence, because his sentence exceeded the maximum authorized sentence (15 years))

*Alterra Healthcare Corp. v. Constantin*, No. 1D07-5056 (1st DCA 2008) (represented estate of deceased nursing home patient in an appeal concerning interpretation of an arbitration agreement; settled after briefing)

*Gatlin v. U.S. Anti-Doping Agency, Inc.*, No. 08-13572-F, 2008 WL 2567657 (11th Cir. June 26, 2008) (unpublished) (represented Olympic gold medalist appealing decision that prohibited him from participating in Olympic trials)

*Carolina Cas. Ins. Co. v. Smith*, 993 So. 2d 516 (Fla. 1st DCA 2008) (represented injured driver in opposing petition for writ of certiorari in auto accident case)

*Brooks v. Green*, 993 So. 2d 58 (Fla. 1st DCA 2008) (represented tenant-purchaser in commercial real estate dispute)

*Woodward v. State*, 992 So. 2d 391 (Fla. 1st DCA 2008) (represented criminal defendant on appeal that claimed trial court should have appointed him counsel for post-conviction motion)

*S.D.S. Autos, Inc. v. Chrzanowski*, 982 So. 2d 1 (Fla. 1st DCA 2008) (represented consumers who sought certification of class for claims under Florida Deceptive and Unfair Trade Practices Act)

*Southeast Tissue Alliance v. King*, 980 So. 2d 495 (Fla.1st DCA 2008) (represented family members who sought punitive damages from tissue bank for its use of deceased family member's donated tissue as part of a for-profit enterprise)

*Calahan v. Calahan*, 979 So. 2d 358 (Fla. 5th DCA 2008) (represented ex-husband in appeal of denial of petition to modify alimony and child support)

*Williams v. Stanford*, 977 So. 2d 722 (Fla. 1st DCA 2008) (represented majority shareholder in defense of shareholder derivative action alleging fraud and breach of fiduciary duty)

*S.D.S. Autos, Inc. v. Chrzanowski*, 976 So. 2d 600 (Fla. 1st DCA 2008) (represented consumer in challenge to arbitration provision in auto sales contracts)

*Egwuatu v. South Lubes, Inc.*, 976 So. 2d 50 (Fla. 1st DCA 2008) (appeal of order denying class certification for class of consumers)

*Retail Equities, LLC v. Sleiman*, 975 So. 2d 1139 (Fla. 1st DCA 2008) (represented business owners in petition for certiorari to vacate notice of lis pendens that hindered their ability to sell or mortgage the properties)

*Taylor v. Penske Truck Leasing Corp.*, 975 So. 2d 588 (Fla. 1st DCA 2008) (represented injured driver in certiorari proceeding challenging order requiring disclosure of attorney work product)

*Outler v. United States*, 485 F.3d 1273 (11th Cir. 2007) (represented habeas petitioner in case addressing whether equitable tolling applies to re-characterized post-conviction motion under 28 U.S.C. § 2255)

13

*The St. Joe Co. v. McIver*, 950 So. 2d 418 (Fla. 1st DCA 2007) (represented landowner whose land was condemned by the state and who was then sued for failure to pay a brokerage commission)

*The St. Joe Co. v. Leslie*, 912 So. 2d 21 (Fla. 1st DCA 2005) (represented paper mill company accused of environmental contamination by residents seeking certification of class)

*Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F. 3d 1258 (11th Cir. 2005) (represented small business owner whose civil rights claims had been dismissed under the Eleventh Amendment to the U.S. Constitution)

*Brauch v. Bank of Am. Corp.,* 3:03-CV-1097-J-16TEM, 2005 WL 1027907 (M.D. Fla. 2005) (represented bank sued by putative class of former executives of acquired bank in dispute over employment contracts)

*Thompson v. Sprint Corp.*, No. 4:02-CV-183-RH-WCS (N.D. Fla. Sept. 16, 2003) (represented Sprint telephone company in putative class action brought by consumers under the Fair Credit Reporting Act)

# EXHIBIT 4



## Cristina M. Pierson

*"During my legal career, I have diligently represented the best interests of my clients with unwavering dedication and perseverance. As a zealous advocate, it is my goal to exceed client expectations each and every day."*

## BOARD CERTIFIED BUSINESS LITIGATOR

Attorney Cristina Pierson is an experienced trial attorney with a diverse track record of successfully representing both individuals and companies with her legal knowledge, litigation skills, and courtroom effectiveness. Pierson will focus her practice on complex civil cases including class action, qui tam and commercial litigation.

Cristina is Board Certified as a Business Litigation Specialist by the Florida Bar, a designation reserved for just 1% of Florida's 90,000 lawyers. Obtaining this certification requires a favorable showing of her skills, actual business litigation experience, positive reports from other lawyers and judges familiar with her abilities, and the successful completion of a comprehensive examination testing her knowledge. Board certified business litigators must complete continuing legal education in this field and the requirements for board certified lawyers are significantly higher than those required for non-certified lawyers. When working with her, your case is in the hands of a thoroughly experienced and knowledgeable advocate.

Cristina is also AV® Rated by Martindale-Hubbell® - the highest rank awarded by the national rating agency. She is respected and trusted by peers and clients alike, and she is well-known for her exemplary advocacy, dedication, and professionalism.

# BACKGROUND

Cristina Pierson is a Cuban-American native of South Florida and is fluent in Spanish. She graduated from Pine Crest School in Fort Lauderdale, and completed her undergraduate work in criminal justice at the University of Florida in 1987. After spending time working in the insurance industry, Cristina went on to law school and received her law degree from Nova Southeastern University in 1993. She graduated *magna cum laude* and received honors for her work on law review and moot court. She is a member of the Florida Bar, the Federal Bar Association and the Broward County Bar Association. She is admitted to practice before the U.S. District Court for the Northern, Middle, and Southern Districts of Florida, and the U.S. District Court of Appeals for the Eleventh Circuit.

**Areas of Practice:**

- Business Litigation
- Professional/Directors and Officers Liability
- Probate, Trust, and other Fiduciary Litigation
- First Amendment and Privacy
- Class Actions
- Qui Tam
- Annuity and Insurance
- Construction and Liens

**Bar Admissions:**

- Florida Bar, 1993
- Board Certified in Business Litigation, 2011
- U.S. District Court Southern District of Florida, 1993
- U.S. District Court Middle District of Florida, 2000
- U.S. District Court Northern District of Florida, 2001
- U.S. Court of Appeals 11th Circuit

**Education:**

- Nova University Center for the Study of Law, Fort Lauderdale, Florida, J.D. *magna cum laude* – 1993, Honors: Moot Court Society, Law Review: Nova Law Review, Member, 1991 – 1993
- University of Florida, Gainesville, Florida, B.A., Bachelor of Arts – 1987, Major: Criminal Justice

**Professional Associations:**

- Broward County Bar Association, Member, 1993
- Federal Bar Association, Member, 1993
- Florida Bar, Member. 1993



# John J. Uustal



The day after John Uustal started law school, Hurricane Andrew tore through the University of Miami, destroyed parts of the city, and shut down the school. Once the campus and surrounding areas reopened, he was forced to complete a full year of law school in much less time. For months he studied law at a ridiculous pace under tremendous pressure while living without electricity or phone service and at the same time struggling to help those still in need.

All of the students in the incoming class faced the same difficulties, but some excelled **because** of the impossible demands and incredible responsibility. At the end of the year, Mr. Uustal not only ranked first in the entire student body, he also earned the Book Award for the highest grade in the class in every single class that year. He turned his attention to trial skills and was prosecuting criminals in Miami courtrooms even before he graduated.

After graduation he earned what was reportedly the highest score in the entire state on the Florida Bar Examination. In his first few years of practice he obtained a $51 million verdict trying a car crash case himself, helped make national news when he discovered a massive corporate scheme to cover-up the real reason that people were burning alive in General Motors vehicles, and tried cases across the country. Ten years after graduation he and partner Bob Kelley founded the powerhouse trial firm of Kelley/Uustal.

Mr. Uustal now handles incredibly complex and difficult cases against the best defense attorneys in the world. His successes have resulted in safer fuel tanks, safer seatbelts, safer medical care, and safer equipment for firefighters and paramedics.

That success has also earned him some powerful enemies. A car company promised to bankrupt him, he was attacked and maligned by Big Tobacco, and he was threatened in Argentina after antagonizing government officials who had been complicit in Argentina's dirty war. When facing such intimidation, he likes to quote Clarence Darrow: "I have lived my life, and I have fought my battles, against power. I have asked no odds from them, and I never will."

Mr. Uustal realizes that he is at his best in the most difficult cases, especially when working for a family who is desperate for help. He limits his practice to representing families who have suffered catastrophic injuries or wrongful death, even when other attorneys say the case can't be won. With truly devastating injuries, he can profoundly change lives for the better – the difference between a good recovery and a great recovery may be all the difference in the world to a truly desperate family. He excels in these cases **because** of the impossible demands and the incredible responsibility, just as he did when struggling in the aftermath of Hurricane Andrew.

Clients have called him "the real deal"; "an old-school fighter" who "cared about us as people first." After he won a case for a little girl who suffered brain damage when she was hit by a car, her mother wrote: "John Uustal is a true genius, and he has a heart of gold. I truly believe he's doing what he's supposed to be doing. This is something I try to tell people."

## COACH AND TEACHER

John Uustal grew up in Fort Lauderdale. His mother was a teacher, his father was a coach, and he saw the real impact they each had on so many young lives. He loves kids, and he dedicates himself to coaching competitive soccer for Fort Lauderdale Select. He played soccer locally at St. Thomas Aquinas High School, and later he was one of the few Americans chosen to play for the Italian Embassy Soccer Team in Washington, D.C.

He finds opportunities to coach in the law as well. Because he only accepts a small handful of cases, he believes that it is important to freely give his time advising, assisting and teaching other attorneys who ask for help. He gives lectures across the country and teaches trial skills.

## Recent Cases

- **$51 Million Verdict For Defective Seatbelt**
- **$11.65 Million Verdict For Fraud And Conspiracy**
- **$30.235 Million Verdict Against Big Tobacco**
- **$2 Million Verdict For Pedestrian Death**
- **$3.47 Million For Nissan Rollover**
- **$60 Million For Exploding Fuel Tank**

**Education:**

- **B.S., Georgetown University's School of Foreign Service**
- **J.D., *Summa Cum Laude*, University of Miami**

**Areas of Practice:**

- **Catastrophic Injury**
- **Wrongful Death**
- **Qui Tam**

**Awards and Honors:**

- Best Lawyers in America (2008-2015)
- Florida *Super Lawyers*® (2009- 2015)
- Florida *Risings Stars* (2009)
- AVVO Rated Lawyer- Superb (perfect rating)
- AV® Rated by Martindale-Hubbell® (highest rank awarded)

**Professional Associations & Activities:**

- Summit Council
- Board of Directors- Florida Justices Association
- Appellate Section Chair- Broward County Bar Association
- Martindale-Hubbell®' s Register of Preeminent Lawyers
- Trial Section Chair- Broward County Bar Association
- Board Certified Civil Trial Specialist



## CATASTROPHIC INJURY & WRONGFUL DEATH



John R. Hargrove

## AN UNYIELDING COMMITMENT TO EXCELLENCE

John R. Hargrove is a skilled civil litigator at Kelley/Uustal. He has been involved in several noteworthy cases throughout the country during the course of his career, involving corporate derivative suits, antitrust matters, probate and trust litigation, nationwide class actions, First Amendment disputes, and related appeals. He was also one of the attorneys who represented the estate of Doctor Sam Sheppard in the late 1990s in the courts of Ohio in an effort to clear his name though the use of cutting-edge DNA evidence.

Combining his legal background with a dedication to the rights of the underprivileged, John's most gratifying professional efforts have been representing seniors who have suffered financial exploitation. His leadership in this field, which has involved nationwide class action lawsuits, has served to vindicate the financial rights of tens of thousands of senior citizens.

John earned his Juris Doctorate from the Indiana University School of Law, where he graduated *magna cum laude*. He was named by the law school faculty as the most outstanding student in his graduating class. While in school, he served as a member of the law school's Board of Visitors. After graduation, he served a two-year judicial clerkship in a U.S. Court of Appeals.

John also holds a master's degree in public administration from Harvard University, where he now gives lectures on negotiations. He is also a lecturer at The George Washington University on law office management. Additionally, he has been a guest speaker on leadership at The United States Military Academy at West Point, New York.

# COMMUNITY & PHILANTHROPIC INVOLVEMENT

Committed to helping others, John has long been involved in the not-for-profit sector. He has been honored by S.O.S. Children's Village International for his dedication to philanthropy. He is also a director of Hospice of Broward County and a past trustee of the Fort Lauderdale Museum of Discovery and Science. Additionally, John has served as board chair and Director Emeritus of the United Way of Broward County and as president of the Fort Lauderdale chapter of the Federal Bar Association.

As a graduate of Butler University, he served as a member of the board of trustees for several years and was board chair between 2008 and 2011. He was later named Butler's first Board of Trustees Chair Emeritus in 2014.

John has been listed in the Florida *Super Lawyers*® list every year since the inception of that publication. In addition, he has for many years been listed in *The Best Lawyers in America*© in the categories of commercial litigation, appeals, trust and estate litigation, and First Amendment law. He was named Florida's "First Amendment Lawyer of the Year" in the 2015 edition.

Reflecting their dedication to providing educational opportunities to the underprivileged, John and his wife, Mary Cheryl, support two family scholarships – one at George Washington University and one at Butler University.

**Education**

- **J.D.,** *Magna cum Laude***, Indiana University School of Law**
- **M.A. Public Administration, Harvard University**

**Areas of Practice**

- **Appeals**
- **Alternative dispute resolution**
- **Annuity and insurance litigation**
- **Class actions**
- **Commercial disputes**
- **General civil litigation**
- **Media and telecommunications law**
- **Professional/Directors and Officers liability**
- **Will and trust contests and other fiduciary litigation**