UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE FARRELL,<br><br>       Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>       Defendant. | Case No.: 3:16-cv-00492-L-WVG<br><br>**ORDER CONDITIONALLY GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

  This case comes before the Court on the motion of Plaintiff, Joanne Farrell, and putative plaintiffs, Ronald Dinkins, Larice Addamo, and Tia Little ("Plaintiffs"), on behalf of themselves and the Settlement Class they seek to represent, for an order granting Preliminary Approval of the class action Settlement between Plaintiffs and Defendant Bank of America, N.A. ("BANA"). The definitions and capitalized terms in the Settlement Agreement ("Agreement") and Memorandum in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and for Certification of Settlement Class are hereby incorporated as though fully set forth in this Order, and shall have the same meanings attributed to them in those documents.

  Having considered the matter, Plaintiffs' motion, the proposed Agreement and the Joint Declaration of Class Counsel for the proposed Settlement Class and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Agreement is preliminarily approved as fair, reasonable, and adequate. Plaintiffs and the Settlement Class, by and through their counsel, have investigated the facts and law relating to the matters alleged in the Complaint, including through dispositive motion practice, legal research as to the sufficiency of the claims, an evaluation of the risks associated with continued litigation, trial, and/or appeal, including risks associated with the currently pending interlocutory appeal, and confirmatory discovery. The Settlement appears to be the product of arm's length negotiations between Class Counsel and counsel for BANA, which occurred following mediation before the Honorable Layn R. Phillips (Ret.). The Settlement confers substantial benefits upon the Settlement Class, without the costs, uncertainties, delays, and other risks associated with continued litigation, trial, and/or appeal and is fair, adequate, and reasonable.

2. The Court conditionally certifies, for settlement purposes only, the following Settlement Class:

> All holders of BANA consumer checking accounts who, during the period between February 25, 2014 and December 30, 2017, were assessed at least one Extended Overdrawn Balance Charge that was not refunded.

3. The Court finds, for settlement purposes only, that the prerequisites for a class action under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent for purposes of settlement; (d) Plaintiffs have fairly and adequately represented the interests of the Settlement Class and will continue to do so, and Plaintiffs have retained experienced counsel to represent them; (e) for purposes of settlement, the questions of law and fact common to the Settlement Class members predominate over any questions affecting any individual Settlement Class member; and (f)

for purposes of settlement, a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. The Court also concludes that, because this Action is being settled rather than litigated, the Court need not consider manageability issues that might be presented by the trial of a nationwide class action involving the issues in this case. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). Additionally, for purposes of settlement only, the Court finds that BANA has acted on grounds that apply generally to the Settlement Class, so that the final injunctive relief to which the Parties have agreed is appropriate respecting the Settlement Class as a whole.

      4. The Court conditionally approves, as to form and content, the Class Notices attached to the Agreement as Exhibits B, C, and D. The conditions for approval are as follows:

    a. The long form notice, currently lodged as Exhibit C, requires an overly complex and onerous procedure for filing objections. See 4 Newberg on Class Actions §13:30 (5th ed.) (stating objection procedures such as the ones proposed here can have the effect of unduly chilling objections). The parties shall modify the long form notice to include only the following requirements:

      i. Inclusion of the case name and case number; the objector's name, address, telephone number, and signature.

      ii. Explanation of the nature of the objection and citation to any relevant legal authority.

      iii. The number of times the objector has objected to a class action settlement in the past five years and the caption for any such case(s).

      iv. The identity of any counsel representing the objector.

      v. Indication as to whether the objector (whether *pro se* or through representation) intends to testify at the final approval hearing.

vi. Submission of objections, by first class mail postmarked no later than the objection deadline, to the Clerk of Court, class counsel, and defense counsel. The notice shall designate service of only one address for class counsel and one address for defense counsel, such that an objector needs to send a total of only three envelopes.

b. In section 5 of the long form notice, include an estimate as to the size of the Settlement Class.

c. In section 8, line 8 of the long form notice, insert the word "or" between the words "acting" and "purporting."

d. In section 9 of the long form notice:

　i. Delete the first use of the word "receive" from bullet 2, line 3.

　ii. Omit the requirement that a class member provide the last four digits of their social security number.

e. Section 18 of the long form notice shall consist of only the following sentence: "You may speak at the Final Approval Hearing if you have filed and served a timely objection to the Settlement according to the procedures set out in Section 14 above."

f. Plaintiffs shall format the email notice, currently lodged as Exhibit D, in a manner designed to escape email inbox spam filters. Plaintiffs shall file a declaration explaining what steps they took to this end. If the email notice is already thus formatted, the parties need only file the above described declaration.

g. The words "and speak" shall be added to the second to last sentence of the email notice after the word "appear."

h. The words "and speak" shall be added to the second to last sentence of the postcard notice, currently lodged as Exhibit B, after the word "appear."

        i. In both the email and postcard notices, indicate the Administrator will mail paper copies of the long form notice to any class member who requests a copy.

        j. Section 2.4(c) of the Agreement incorrectly indicates that the email notice is appended as Exhibit B (actually D), the postcard notice as Exhibit C (actually B), and the long form notice as Exhibit D (actually C). Plaintiffs shall ensure that the various notices are properly referenced in the Agreement that posts to the settlement website.

5. The parties shall file a motion for approval of amended notices compliant with paragraph 4 above within ten days of the entry of this order. The Court will provide expedited review of the revised notice forms. Failure to comply with this paragraph will result in denial of preliminary approval.

6. As soon as possible after the entry of this order, but not later than 70 days after the entry of this Order, the Administrator will complete notice to the Settlement Class as provided in the Agreement. The Court finds that the Settlement Class Notice Program, modified in accordance with this order, is reasonable, that it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure. Specifically, the Court finds that the modified Notice Program complies with Rule 23(e) of the Federal Rules of Civil Procedure as it is a reasonable manner of providing notice to those Settlement Class members who would be bound by the Agreement. The Court also finds that the manner of dissemination of notice complies with Rule 23(c)(2), as it is also the most practicable notice under the circumstances, provides individual notice to all Settlement Class members who can be identified through a reasonable effort, and is reasonably calculated, under all the circumstances, to apprise Settlement Class members of the pendency of this Action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Settlement Class.

7. The Class Notices will identify the opt-out and objection deadline of 130 days after the entry of this Order.

8. The Court hereby sets the following schedule of events:

| Event | Calendar Days After Entry of this Order |
|---|---|
| **Notice Complete** | **70 Days** |
| **Motion for Class Representatives' Service Awards and Attorneys' Fee and Expense Awards** | **70 Days** |
| **Opt-Out Deadline** | **130 Days** |
| **Objection Deadline** | **130 Days** |
| **Motion for Final Approval** | **170 Days** |

9. Any person falling within the definition of the Settlement Class may, upon request, be excluded from the Settlement by submitting to the Administrator at the physical address listed in the Class Notices, a written, signed, and dated statement that he or she is opting-out of the Settlement Class and understands that he or she will receive no money from the Settlement of this Action. To be effective, this opt-out statement (i) must be postmarked no later than the opt-out deadline; (ii) include the Settlement Class member's name address, telephone number, and BANA checking account number(s); and (iii) be personally signed and dated by the Settlement Class member. All persons who timely submit properly completed requests for exclusion shall have no rights under the Agreement and shall not share in the benefits of the Settlement Agreement and shall not be bound by the Settlement Agreement.

10. Any person falling within the definition of the Settlement Class, and who does not opt-out from the Settlement, may object to the terms of the proposed Settlement as reflected in the Agreement, the certification of the Settlement Class, the entry of the Final Approval Order, the amount of attorneys' fees and expenses requested by Class Counsel, and/or the amount of the Service Awards requested by the named Plaintiffs. To

6

3:16-cv-00492-L-WVG

be valid and considered by the Court, an objection must include the information listed in paragraph 4(a) of this order.

11. Plaintiffs and BANA may file responses to any objections that are submitted. Any Settlement Class Member who timely files and serves an objection in accordance with this order may appear at the Final Approval Hearing, either in person or through an attorney.

12. The Court designates Joanne Farrell, Ronald Dinkins, Larice Addamo, and Tia Little as the Class Representatives of the Settlement Class.

13. The Court designates Epiq Systems as Administrator.

14. The Court appoints Jeffrey Kaliel, Jeff Ostrow, Bryan Gowdy, and Christina M. Pierson as Class Counsel.

15. Papers in support of Final Approval of the Agreement, in response to objections to the Agreement, Class Representative Service Awards, and/or Class Counsel's Fee & Expense Award shall be filed with the Court on or before 170 days after the entry of this Order.

16. The dates of performance contained herein may be extended by order of the Court, for good cause shown, without further notice to the Settlement Class.

17. The Settlement will not become effective unless the Court enters an order finally approving the Settlement. If the Agreement does not become effective in accordance with the terms of the Agreement, or if the Agreement is not finally approved, then the Agreement shall become null and void, and this Order shall be null and void and shall be vacated.

18. Plaintiffs' motion for final approval of the settlement must include the required and customary filings. In addition, the motion papers shall include

    a. An affidavit evidencing Defendant's compliance with the Class Action Fairness Act notice requirement under 28 U.S.C. § 1715, including responses from any government officials to the notice.

b. An affidavit from the claims administrator regarding compliance with its duties under the settlement and this order, a copy of the actual notices (email, postcard, and long form) sent to the class, a report on (1) the number of class members to whom email notice was sent, (2) the number of returned undelivered email notices, (3) the number of postcard notices sent, (4) an explanation of efforts to locate correct addresses for returned undelivered postcard notices after the first mailing, (5) the number of notices sent to the updated addresses in a second mailing, and (6) the number of such notices returned undelivered.

c. An explanation of how class counsel calculated the most likely recoverable damages at $756 million.

d. If continued jurisdiction is desired, an executed form consenting to magistrate judge jurisdiction over settlement implementation.

19. The Final Approval Hearing will be conducted in Courtroom 5B, Suite 5145, of the U.S. District Court for the Southern District of California, located at 221 West Broadway, San Diego, CA 92101 on Monday, June 18, 2018 at 11:00 a.m.

Dated: December 11, 2017

_____
Hon. M. James Lorenz
United States District Judge