**MICHAEL D. LUPPI (CA 55865)**
**LAW OFFICE OF MICHAEL D. LUPPI**
**11366 Christy Avenue**
**Sylmar, CA 91342**
**Telephone (818) 897-3344**
**Facsimile: (323) 726-3106**
monica@luppilaw.com

**Counsel for Objector Estafania Osorio Sanchez**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE FARRELL, On behalf of themselves and all others similarly situated, | Case No.: 3:16-cv-00492-l-WVG |
| Plaintiff, | **OBJECTION OF ESTAFANIA OSORIO SANCHEZ** |
| v. | Judge: Hon. M. James Lorenz |
| BANK OF AMERICA, N.A.,, | Place: Courtroom 5B |
| Defendant, | Hearing Date: June 18, 2018, at 11:00am. |
| ESTAFANIA OSORIO SANCHEZ, | |
| Objector. | |

*FARRELL V. BANK OF AMERICA N.A., CASE NO. 3:16-CV-00492-L-WVG*
OBJECTION OF ESTAFANIA OSORIO SANCHEZ                                                  1

**OBJECTOR ESTAFANIA OSORIO SANCHEZ**
**OBJECTIONS TO PROPOSED SETTLEMENT AND MOTION**
**FOR ATTORNEY FEES**

**PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS**

Estefania Osorio Sanchez a/k/a Stephanie Osorio ("Osorio") through undersigned counsel, Objects to the proposed settlement and motion for attorney fees, and states:

Osorio an identifiable harmed member of the class had received, on February 7, 2018, a class action notice through e mail from "Farrell v. Bank of America, N.A." noreply@EOBCsettlement.com.  On more than one occasion, Bank of America charged her and she paid Extended Overdrawn Bank Charges(EOBC).  Osorio has never objected to a class action settlement, and she does not intend to testify at the final approval hearing scheduled for June 18, 2018.  Her address is 2626 Fountain View Drive, Apt. 335, Houston Texas 77057.  Her telephone number, if needed, will be readily provided upon request.

**NOTICE OF INTENT TO APPEAR**

Objector Osorio gives Notice that she may appear, by counsel, at the Fairness Hearing before the Hon. M. James Lorenz, U.S. District Judge, which is presently

*FARRELL V. BANK OF AMERICA N.A., CASE NO. 3:16-CV-00492-L-WVG*
OBJECTION OF ESTAFANIA OSORIO SANCHEZ                                        2

scheduled in Courtroom 5B, Suite 5145 , of the United States District Court for the Southern District of California, located at    221 West Broadway  , San Diego, CA, 92101, on June 18, 2018, at 11:00a.m.  Objector Osorio through counsel, if an appearance is made, will not call any witness, present any papers, exhibits, or other evidence in connection with the Fairness Hearing.

**OBJECTIONS**

1. The Settlement Notice(the Notice) denies class members due process in that it fails to provide any information:  regarding either the number of class members or the aggregate estimated damages suffered by the class for the damages set forth in the prayer for relief in first amended class action complaint, including but not limited to "Awarding Plaintiffs and Class damages (including twice the amount of usurious interest paid), prejudgment interest from the date of loss, and their costs and disbursements in connection with this action, . . .[Dkt.78] The Notice does not provide any information regarding the amount of monies that Bank of America siphoned off from their scheme to slam customers with an extended overdrawn bank charge.  In paragraph 13 of the First Amended Class Action Complaint, Plaintiffs allege "In 2012 alone, banks took in approximately $32 billion in overdraft-related fees." [Dkt.78] If ever there were a case where the

information regarding the amount of ill-gotten gain should be available to absent class members through the Notice, this is that case. For absent class members such as Osorio, that information placed in the Notice is essential for her to evaluate the fairness, adequacy and reasonableness of the proposed settlement.

2. The Notice and other supporting documents, at best, are unclear as to an accurate value of the settlement benefits. At worst, the information regarding value of the proposed settlement is misleading. The Notice identifies two categories of settlement benefits. One benefit provides a fund of $37.5 million cash. For this benefit, Class Counsel negotiated away any claim process, which is commendable. The monies are paid to absent class members directly and without them having to file any claims, or engage in processing whatsoever. The significant drawback, however, concerns the lack of information of the number of absent class members that qualify for the benefit. Without knowing the aggregate number of class members entitled to the cash benefit, absent class members like Osorio have no idea what the distributed cash benefit will be.

Without that information, they, and the Court, are not provided adequate information to determine the fairness, adequacy and reasonableness of the proposed settlement.

The other benefit, the debt-reduction payment benefit, which the Notice values at $29, 100,000 is largely illusory.  The Notice states "The debt relief will be provided to Settlement Class members whose personal checking accounts BANA closed in overdrawn status with an EOBC still pending and whose overdrawn balances remain due and owing to BANA." No money is paid to absent class members.  Without additional substantial evidence provided, which should be the burden of the proponent of the proposed settlement, this purported benefit is an adjusting entry on the books of Bank of America.  Perhaps, Bank of America garners a tax benefit, but absent class members garner nothing.  Alternatively, if Bank of America sells its portfolio of these debts, the market value would approximate pennies on the dollar.  There is no evidentiary basis to value this alleged benefit at anywhere near the cash benefit.

3. In that these two benefits, the cash benefit and the debt-reduction payment benefit, are entirely different and in conflict, separate subclasses should be created with separate subclass representatives.   Each separate subclass

representative should speak for the absent class members that are in that particular group. *See Amchem Products, Inc. v. Windsor,* 521 US 591 (1997).

4. No value to the proposed settlement for purposes of evaluating a proper fee award should be attributed to the described injunctive relief going forward. This action applies to individuals who are not even class members. In that the benefit does not confer on strictly absent class members, the Court should reject any request to assign a value for purposes of determining whether the proposed settlement is fair, adequate and reasonable. Similarly, this global benefit should not be factored in the fee award.

5. In accordance with Rule 23 of Federal Rules of Civil Procedure, the parties should mail the long form Notice to all class members. Such Notice is "the best *notice* that *is* practicable under the circumstances. . . ."

6. The phrase "Settlement Value" as placed in the Notice is misleading, should be stricken, and unambiguous words should be substituted. For example, stating that the "Settlement is X dollars" would be clear.

7. The *cy pres* provision needs to be redrawn to comply with *Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012). If a secondary distribution is

*FARRELL V. BANK OF AMERICA N.A., CASE NO. 3:16-CV-00492-L-WVG*
OBJECTION OF ESTAFANIA OSORIO SANCHEZ                                               6

economically feasible, then the Proposed Settlement should require that be implemented. There should not be discretion to use those funds for *cy pres*.

8. The requested fee award is unreasonable and excessive. The fee should only be paid on the $37.5 benefit. 25% of that amount equals a fee of $9.375 million as opposed to the requested fee of $16, 650,000. $7,275million should be redirected to the settlement fund for the benefit of absent class members.

**WHEREFORE**, Objector Osorio respectfully requests that this Court sustain these Objections and enter such Orders as are necessary and just to adjudicate these Objections including but not limited to an order:

    A. Disapproving the proposed settlement because it doesn't meet the requirements of Fairness, Adequacy or Reasonableness;

    B. Disapproving the proposed settlement because of the improper and constitutionally defective Notice to the class;

    C. Requiring class counsel and the settling defendants to submit a new Notice and then to re-Notice the class to address Notice objections as set forth above;

*FARRELL V. BANK OF AMERICA N.A., CASE NO. 3:16-CV-00492-L-WVG*
OBJECTION OF ESTAFANIA OSORIO SANCHEZ       7

D. Denying the requested attorney's fees to Class Counsel and determining attorney's fees as set forth above;

E. Redirecting the excess fee to the cash fund for the benefit of class members;

F. Revising the *cy pres* provisions in accordance with objections set forth above;

G. Creating two subclasses—one for the cash fund and one for the debt-reduction payment fund and appointing two subclass representatives; and,

H. Granting such other relief that this Court deems necessary and proper for the absent class members.

Dated this 20th of April, 2018.

*/s/ Michael D. Luppi*
Michael D. Luppi

### CERTIFICATE OF SERVICE

I HEREBY certify that on April 20th, 2018, I electronically filed the foregoing **OBJECTOR ESTAFANIA OSORIO SANCHEZ NOTICE OF INTENT TO OBJECT TO PROPOSED SETTLEMENT AND MOTION FOR ATTORNEY FEES PROOF OF MEMBERSHIP IN THE SETTLEMENT CLASS** with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

Joanne Farrell v. Bank of America, N.A., Case No. 3:16-cv-00492-L-WVG

Dated: April 20, 2018

_____
Estefanía Osorio Sanchez

Objector, Class Member

Scanned with CamScanner