JEFF OSTROW (*pro hac vice*)
**KOPELOWITZ OSTROW FERGUSON**
**WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*

HASSAN ZAVAREEI (CA 181547)
**TYCKO & ZAVAREEI LLP**
1828 L Street, N.W., Suite 1000
Washington, DC  20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
*hzavareei@tzlegal.com*

*Attorneys for Plaintiffs and the Settlement Class*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOANNE FARRELL, RONALD ANTHONY DINKINS, and LARICE ADDAMO on Behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  vs.<br><br>BANK OF AMERICA, N.A.,<br><br>       Defendant. | CASE NO. 3:16-cv-00492-L-WVG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE THE REPRESENTATIVES OF THE ESTATE OF JOANNE FARRELL AS PLAINTIFFS AND CLASS REPRESENATIVES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 25(a)(1)**<br><br>Judge: Hon. M. James Lorenz<br>Place: Courtroom 5B |

Plaintiffs, Joanne Farrell, Ronald Anthony Dinkins, Tia Little and Larice Addamo ("Plaintiffs" or "Class Representatives"), through Class Counsel, and upon consent of Defendant Bank of America, N.A., respectfully request that the Court substitute Plaintiff Joanne Farrell's children, Patrick Michael Farrell, Ryan Thomas Farrell, Timothy Gaelan Farrell, and Brooke Ann Farrell (the "Farrell Children") as named Plaintiffs and as Class

1

MEMO. OF POINTS AND AUTH. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOT. TO SUBST. THE REPRESENTATIVES OF THE EST. OF JOANNE FARRELL AS PLAINTIFFS PURSUANT TO FED. R. CIV. P. 25(a)(1)
3:16-CV-00492-L-WVG

Representative for Plaintiff Joanne Farrell, for the limited purpose of effectuating the Parties' Settlement in this Action. Joanne Farrell ("Farrell") passed away January 18, 2018. Farrell passed away intestate is survived solely by her adult children. There is no personal representative or administrator to Joanne Farrell's estate. The Farrell Children are a proper substitute party under Fed. R. Civ. P. 25.

## I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs brought this Action against Defendant Bank of America, N.A. alleging that Extended Overdrawn Balance Charges on checking accounts violates the usury provision of the National Bank Act. Farrell filed the case and was later joined by the other Plaintiffs after the Court denied the Bank's Motion to Dismiss [DE # 1 and 20]. The Parties thereafter entered into a Settlement Agreement [DE #69] on October 30, 2017. The Agreement was signed by all the Plaintiffs, including Farrell. The Court granted Preliminary Approval of the Settlement [DE #72] on December 11, 2017, prior to Farrell's death. The Court is set to hear Plaintiff's Motion for Final Approval [DE #80] on June 18, 2018.

## II.   ARGUMENT

Substitution of the Farrell Children in place of Joanne Farrell as a class representative should be permitted.

The substitution of parties after death is governed by Federal Rule of Procedure 25(a)(1) which states:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

"'Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who . . . would adequately represent [the decedent's] interests.'" Smith v. Specialized Loan Servicing, LLC, No. 16cv2519-GPC(BLM), 2017 U.S. Dist. LEXIS 148641, at *6  (S.D.

2

MEMO. OF POINTS AND AUTH. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOT. TO SUBST. THE REPRESENTATIVES OF THE EST. OF JOANNE FARRELL AS PLAINTIFFS PURSUANT TO FED. R. CIV. P. 25(a)(1)
3:16-CV-00492-L-WVG

Cal. Sept. 13, 2017) (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 789 (8th Cir. 2010)). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Veliz v. Cintas Corp.*, No. C 03-1180 RS, 2008 U.S. Dist. LEXIS 79833, at *1 (N.D. Cal. July 17, 2008).  If satisfied, "[t]he substituted party steps into the same position as [the] original party." *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996).  Here, the Motion is timely, and the action cannot be dismissed as there are additional Plaintiffs with standing to represent the Settlement Class.

First, this Motion is timely.  Immediately preceding the filing of this Motion, the Court was notified of Farrell's passing by the filing of a written statement of the fact of death accompanied by the death certificate.  [DE 98] *See* Fed. R. Civ. P. 25(a)(1).  This Motion is being filed within 90 days of that statement.

Second, Farrell's claims in this action are not extinguished.  In California, the survivorship statute found at Cal. Civ. Proc. Code § 377.34 permits recovery for damages the decedent sustained or incurred before death.  Farrell's claims arose and were settled, subject to this Court's approval, prior to her death and are not extinguished satisfying the second question.

Third, the Farrell Children are a proper party for substitution.  The sole question under Rule 25(a)(1) "who may be considered a decedent's successor" and that question is answered in section 377.11 where a successor is defined as "the beneficiary." *In re Baycol Prods. Litig.*, 616 F.3d at 787-88 ("Under California law, a successor is defined as 'the beneficiary,' and for purposes of Fed. R. Civ. P. 25(a)(1), this is the end of the inquiry under California law."). [B]eneficiary of the decedent's estate means: "If the decedent died without leaving a will, the sole person or all of the persons who succeed to a cause of action, or to a particular item of property that is the subject of a cause of action, under Sections 6401 and 6402 of the Probate Code or, if the law of a sister state or foreign nation governs succession to the cause of action or particular item of property, under the law of the sister state or foreign nation." Cal. Civ.

3

MEMO. OF POINTS AND AUTH. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOT. TO SUBST. THE REPRESENTATIVES OF THE EST. OF
JOANNE FARRELL AS PLAINTIFFS PURSUANT TO FED. R. CIV. P. 25(a)(1)
3:16-CV-00492-L-WVG

Proc. Code § 377.10(b). Here, Farrell passed away intestate with no spouse and is only survived by the Farrell Children. *See* Cal. Pro. Code 6402(a) (noting if the decedent passes with no surviving spouse the entire intestate estate passes equally to the issue of the decedent). All of the Farrell Children consent to the pursuit of this litigation and to serving Plaintiffs/Class Representatives. Therefore, the Farrell Children may pursue the claims in this action and recover such damages as Farrell would have been entitled to if she were living.

Furthermore, in class action lawsuits,

> [i]f the class representative dies during the pendency of the litigation, the court may approve the estate's representative as a substitute class representative upon a showing that (a) all beneficiaries of the estate consent to the pursuit of the litigation; and (b) the executor of the estate avers that the estate will not bear the costs of the litigation.

1 McLaughlin on Class Actions §4:36 (11th ed.) (citing *Negrete v. Allianz Life Ins. Co. of North America*, 2013 WL 3353852, *4 (C.D. Cal. 2013). As previously explained, the Farrell Children, the only beneficiaries, consent to the pursuit of this litigation. Accordingly, the Court should approve the Farrell Children as a substitute for Joanne Farrell as a class representative.

Farrell's claims survive her death, and the Farrell Children are a proper party to be substituted in place of Joanne Farrell a class representative.

Bank of America does not oppose this motion solely to the extent that it seeks to substitute the Farrell Children as plaintiffs strictly for the limited purpose of effectuating the Settlement of this Action, without prejudice to its rights to oppose their standing in the event the Settlement does not become effective in accordance with the terms of the Settlement Agreement, and the Effective Date (as defined in the Settlement Agreement) does not pass and the Parties are left to litigate the merits. The Farrell Children agree to this condition, reserving their right to litigate the merits of the Farrell's claim if Final Approval is not granted.

## III.   CONCLUSION

For the reasons set forth above, this Motion should be granted and the Farrell Children should be substituted as additional Plaintiffs and Class Representatives for the limited purpose of effectuating the Settlement of this Action.

Dated: May 25, 2018

Respectfully submitted,

/s/ Jeff Ostrow
Jeff Ostrow (*pro hac vice*)
ostrow@kolawyers.com
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel.: (954) 525-4100
Fax: (954) 525-4300

/s/ Hassan A. Zavareei
Hassan A. Zavareei (SBN 181547)
hzavareei@tzlegal.com
**TYCKO & ZAVAREEI LLP**
2000 L Street, N.W., Suite 808
Washington, DC 20036
Tel.: (202) 973-0900
Fax: (202) 973-0950

*Counsel for Plaintiffs and the Settlement Class*

MEMO. OF POINTS AND AUTH. IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOT. TO SUBST. THE REPRESENTATIVES OF THE EST. OF
JOANNE FARRELL AS PLAINTIFFS PURSUANT TO FED. R. CIV. P. 25(a)(1)
3:16-CV-00492-L-WVG