JEFF OSTROW (*pro hac vice*)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*

*Counsel for Plaintiffs and Settlement Class
(additional counsel listed on signature page)*

DANIELLE N. OAKLEY
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-7921
Fax: (949) 823-6994
*doakley@omm.com*

*Counsel for Defendant (additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

PATRICK MICHAEL FARRELL, RYAN THOMAS FARRELL, TIMOTHY GAELAN FARRELL, BROOKE ANN FARRELL, RONALD ANTHONY DINKINS, LARICE ADDAMO, and TIA LITTLE, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BANK OF AMERICA, N.A.,

Defendant.

CASE NO. 3:16-cv-00492-L-WVG

**PLAINTIFFS' AND DEFENDANT'S JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Judge: Hon. M. James Lorenz

## I.      INTRODUCTION

Plaintiffs and Defendant Bank of America, N.A. ("BANA") (collectively "the Parties") jointly submit this brief in response to the Court's Order to Show Cause [Dkt. 155], in which the Court directed the Parties to show cause why the Court should not order a supplemental notice to the Settlement Class. The Parties respectfully request the Court to not order a supplemental notice to the Settlement Class, as doing so may cause confusion among millions of Class Members and is also unnecessary and expensive. If the

-1-

Court is nonetheless inclined to order supplemental notice, the Parties urge the Court to allow for notice via email to the extent possible and to stay effectiveness of its order for 90 days to allow the Parties to submit the order to the U.S. Court of Appeal for the Ninth Circuit and vacate the order if the Ninth Circuit rules in the interim. The Parties would be pleased to make themselves available to confer with the Court to answer any questions.

Following Preliminary Approval, approximately 7.3 million Settlement Class members received notice of the Settlement. Approximately 5.5 million received notice by email, with the balance receiving direct mail notice. To date, Settlement Administrative Costs paid separately by BANA total $829,747.14[1] and $183,958.80 for Administrator's Hourly Charges have been paid from the Settlement Fund.

The February 2018 notice to the Settlement Class specified that "[p]ayments, account credits, and debt reductions will be provided if the Court approves the Settlement and after any appeals are resolved. Please be patient." [Dkt. 104-5 at 56.] Nothing has changed. A supplemental notice would serve no purpose other than to reiterate that payments, account credits, and debt reductions will be provided after any appeals are resolved and to request continued patience. Oral Argument in the appeal occurred on March 2, 2020, and the Parties await the Ninth Circuit's ruling, which may come down any day and possibly before the Parties could even complete a supplemental notice process. A supplemental notice may cause more confusion than clarity if the Ninth Circuit issues its decision after notices are sent out but before all notices are received.

Both before and after the appeal was filed, briefed, and argued, the Parties have been active in working with the Settlement Administrator to respond to oral and written inquiries from Settlement Class Members. The Settlement Administrator has handled and responded to inquiries, and Class Counsel have promptly and directly responded to

---

[1] This amount is a portion of BANA's expected total liability of Settlement Administration Costs of approximately $2.9 Million, including the settlement distribution phase following what the Parties optimistically believe will occur once the Ninth Circuit rules.

-2-

inquiries too. Any inquiries received by BANA have been contemporaneously forwarded to the Settlement Administrator for responses. From time to time following Final Approval, the Parties directed the Settlement Administrator to post updates to the Settlement Website's home page, *www.eobcsettlement.com*, about the filing of the appeal, the status of appellate briefing, the oral argument date, and the status of the appeal following oral argument.

## II.  UPDATED SETTLEMENT WEBSITE CONTENT AND THE INTERACTIVE VOICE RESPONSE SYSTEM

Even before the issuance of the Order to Show Cause, the Parties were working with the Settlement Administrator to make additional adjustments to the Settlement Website and the Interactive Voice Response ("IVR") system that can be accessed by calling the toll-free telephone number.  Those adjustments address updating Settlement Class Members on the status of the appeal and the related delay in any distributions to the Settlement Class.  The adjustments have been completed and include:

- A new update on the home page that is prominently displayed in red and states:

> **Appeal Update as of July 31, 2020**
>
> **The parties await the Ninth Circuit Court of Appeal's opinion in the pending appeal filed by a few objectors to the Settlement. The appellate court heard oral argument on March 2, 2020, but there is no deadline for issuance of the opinion. Until the appellate process concludes and Final Approval of the Settlement is deemed to be effective, no distribution of settlement funds may be made. The Settlement Administrator is unable to provide any additional oral or written information to Settlement Class Members until the appeal concludes. This website will be updated when that happens.**

The same information was added to the Contact Us web page where Settlement Class Members find the toll-free telephone number and the P.O. Box address.

- The IVR system greeting message was reprogrammed to state:

> As of the July 29, 2020, the current status of the Settlement is as follows.
>
> The parties await the Ninth Circuit Court of Appeal's opinion in the pending appeal filed by a few objectors to the Settlement. The appellate

court heard oral argument on March 2, 2020, but there is no deadline for issuance of the opinion. Until the appellate process concludes and Final Approval of the Settlement is deemed to be effective, no distribution of settlement funds may be made.

The Settlement Administrator is unable to provide any additional oral or written information to Settlement Class Members until the appeal concludes. The Settlement website will be updated when that happens. Please visit the Settlement website at www.EOBCsettlement.com.

- *FAQ 1*, which prominently reads in red on the FAQ web page, and may also be accessed via the IVR system:

  **1. What is the impact of the appeal of the Settlement?**

  A few objectors to the Settlement filed an appeal of the Final Approval Order to the Ninth Circuit Court of Appeal, which heard oral argument in the case on March 2, 2020. The parties await a ruling from that court, but there is no deadline for issuance of its opinion. Until the appellate process concludes and Final Approval of the Settlement is deemed to be effective, no distribution of settlement funds may be made. The Settlement Administrator is unable to provide any additional oral or written information to Settlement Class Members until the appeal concludes. This website will be updated when that happens.

- *FAQ 7* in the IVR system, which answers the question "How Do I Get More Information," and *FAQ 23* on the Settlement Website, "Are there more details about the settlement?," has provided Settlement Class Members with the Settlement Website Address, P.O. Box address, and toll-free telephone number, and it now offers the following additional information, also in red:

  However, in lieu of doing so at this time, it is requested that you refer to the information provided on the Settlement website on the pending appeal impacting completion of the Settlement. The Settlement Administrator is unable to provide any additional oral or written information to Settlement Class Members until the appeal concludes.

The Parties believe these efforts provide sufficient transparency to Settlement Class Members while the Ninth Circuit appellate process runs its course. Should the Court determine that additional or different information be provided on the Settlement Website or IVR System, certainly the Parties will act to promptly make such adjustments.

The Settlement Administrator estimated that the costs of these adjustments to the Settlement Website and the IVR system total $1,800.00. The Administrator's Hourly

-4-

Charges associated with the Settlement Administrator's work on these tasks are to be paid from the Settlement Fund in accordance with paragraph 1.3 and 2.4(a) of the Settlement Agreement. [Dkt. 69-2.] As a courtesy to the Settlement Class, however, Class Counsel will pay those charges and will fund all future hourly charges to make updates to the Settlement Website and the IVR System when the Ninth Circuit rules.

## III.    RELEVANT SETTLEMENT ADMINISTRATION METRICS

To aid the Court in evaluating its consideration of whether a supplemental notice should be sent to Settlement Class Members, the Parties have gathered metrics regarding Settlement Class Member inquiries. The following relevant Settlement Administration metrics exist for the period of September 1, 2018 (the day after Final Approval) and July 31, 2020:

| | Correspondence | IVR Phone Calls Received | Phone Calls Received by Live Agents | Website Views |
|---|---|---|---|---|
| **Totals** | 458 | 37,850 | 975 | 599,504 |

Attached as **Exhibit 1** is a more detailed, monthly breakdown of the metrics summarized in the above chart.

The Settlement Administrator has provided additional useful information concerning the 975 live agent calls. Those calls were with a total of only 260 Settlement Class Members, and 71.18% of the calls were with 81 of the 260 Settlement Class Members, broken down further as follows:

- 179 spoke to a live agent a total of 281 times, each making between 1 to 3 calls.
- 61 claimants spoke to a live agent a total of 360 times, each making between 4 to 10 calls.
- 20 claimants spoke to a live agent a total of 334 times, each making between 11 to 29 calls.

In addition, Class Counsel has fielded hundreds of separate telephonic and email inquiries, and the Parties understand that the Court has also fielded numerous inquiries.

-5-

Nonetheless, these metrics suggest that only a small percentage of the Settlement Class (comprising over 7.3 million members) has questions or concerns about the status of the Settlement. The data further suggest that the website and IVR answer Settlement Class Members' questions and that only a tiny percentage of Settlement Class Members found it necessary to speak with a live agent or to submit written inquiries for further information.

Under these circumstances, the Parties are concerned that sending out millions of supplemental notices in the face of relatively few Settlement Class Member inquiries could sow confusion. Indeed, it is the norm for updates to class members to be communicated through websites and toll-free numbers rather than supplemental notices even where appeals are pending for over two years. *See, e.g.*, *Laguna v. Coverall N. Am., Inc.*, No. 3:09-cv-02131-JM-BGS (S.D. Cal.) (objector's appeal resolved by settlement over two years after final approval); *In re Online DVD-Rental Antitrust Litig.*, No. 4:09-md-02029-PJH (N.D. Cal.) (objectors' appeals resolved approximately three years after final approval). In one case in which an appeal has been pending for over two years, the district court determined that it would send emails or letters it received from potential class members to the plaintiffs' and defendants' counsel by email and then batch file on the docket every 30 days any communications the court sent to counsel over the past 30 days. *See Jabbari et al. v. Wells Fargo*, No. 15-cv-02159-VC, Dkt. 339 (N.D. Cal. Aug. 23, 2018). Rather than require supplemental notice, the Parties recommend the Court adopt a similar approach here.

## IV.    ESTIMATED COSTS FOR SUPPLEMENTAL NOTICE

The Parties obtained an estimate from the Settlement Administrator of the costs of a supplemental notice to the Settlement Class. The Parties agree that if ordered by the Court, the costs to prepare and issue a supplemental notice would be the responsibility of BANA pursuant to the paragraphs 1.1 and 2.4(a) of the Settlement Agreement. [Dkt. 69-2.]

The estimate for email notice and direct mail notice to the Settlement Class

PLAINTIFFS' AND DEFENDANT'S JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
CASE NO. 3:16-cv-00492-L-WVG

Members for whom the Settlement Administrator lacks email addresses is **$696,320.00**. *See* **Exhibit 2**. As the Court can see from the estimate, the postage costs for direct mail notice to the approximately 1.8 million Settlement Class Members for which no email addresses are available make up most of the expense.

At a substantial savings, the Court could alternatively order a supplemental notice be sent by email only and would reach approximately 75% of the Settlement Class (5.5 million out of 7.3 million members) at an estimated cost of **$44,834.00**. *See* **Exhibit 3**.

## V.        CONCLUSION

Based on the above, a supplemental notice to the Settlement Class could create confusion among millions of Class Members and is unnecessary and expensive. The Parties are hopeful that the updates to the Settlement Website and the IVR system will help provide immediate answers to the very small number of Settlement Class Members who have questions about the status of the Settlement pending the outcome of the appeal. If, however, the Court decides to order supplemental notice, the Parties respectfully request that the Court order notice via email to the extent possible and stay the effectiveness of its order for 90 days to  before undertaking a supplemental notice process that may be moot.

Dated: August 10, 2020

Respectfully submitted,

/s/Danielle N. Oakley
DANIELLE N. OAKLEY
**O'MELVENY & MYERS LLP**
610 Newport Center Drive
17th Floor
Newport Beach, CA 92660
(949) 823-7921
Fax: (949) 823-6994
Email: doakley@omm.com

MATTHEW WILLIAM CLOSE
**O'MELVENY & MYERS LLP**
400 South Hope Street
Suite 1050
Los Angeles, CA 90071-2899
213-430-6000
Fax: 213-430-6407
Email: mclose@omm.com

BRIAN D. BOYLE
JONATHAN HACKER
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, DC 20006-4001
(202)383-5300
Fax: (202)383-5414
Email: bboyle@omm.com
Email: jhacker@omm.com

**Counsel for Defendant**

/s/ Jeff Ostrow
JEFF OSTROW (*pro hac vice*)
**KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Telephone: (954) 525-4100
Facsimile: (954) 525-4300
*ostrow@kolawyers.com*

HASSAN A. ZAVAREEI (SBN 181547)
**TYCKO & ZAVAREEI LLP**
1828 L Street, NW, Suite 1000
Washington, DC 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
*hzavareei@tzlegal.com*

BRYAN GOWDY (*pro hac vice*)
**CREED AND GOWDY, P.A.**
865 May Street
Jacksonville, FL 32204
Telephone: 904-350-0075
Facsimile: 904-503-0441
*bgowdy@appellate-firm.com*

JOHN JOSEPH UUSTAL (*pro hac vice*)
CRISTINA M. PIERSON (*pro hac vice*)
JOHN R. HARGROVE (*pro hac vice*)
**KELLEY UUSTAL PC**
500 North Federal Highway, Suite 200
Fort Lauderdale, FL 33301
Telephone: 954-522-6601
*jju@kulaw.com*
*cmp@kulaw.com*
*jhr@hargrovelawgroup.com*

WALTER W. NOSS (CA 277580)
**SCOTT + SCOTT LLP**
707 Broadway,10th Floor
San Diego, CA 92101
Telephone: (619) 233-4565
Facsimile: (619) 233-0508
*wnoss@scott-scott.com*

**Class Counsel**

PLANTIFFS' AND DEFENDANT'S JOINT RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE
CASE NO. 3:16-cv-00492-L-WVG